## MEADS et al. v. HUMAN.

No. 10391—Opinion Filed Dec. 6, 1921.

(Syllabus.)

### 1. Statutes—Construction as a Whole.

In considering a legislative enactment it is not safe to base a construction upon a particular word or phrase, for the language of legislative enactments is not always precise and accurate, and, besides, one portion may frequently be designed to extend, qualify, or limit another so that the meaning of one portion of a statute may depend upon the effect of another. Hence, it is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute taken and compared together. The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the Legislature as therein expressed. If possible a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. (25 R. C. L. par. 247, page 1006.)

### 2. Physicians and Surgeons — Veterinary Surgeons—License to Practice—Statute.

Chapter 28, Session Laws 1913, beginning on page 51, is an act to define and regulate the practice of veterinary medicine, surgery, and dentistry in the state of Oklahoma, and the meaning of subdivisions 1 and 2 of section 6 of said act is called in question. The first subdivision provides for the granting of certificates to practice to nongraduates, and the second subdivision provides for the granting of certificates to practice to graduates of veterinary colleges. It was the purpose and intention of the Legislature to fix a time on and before when such persons who complied with said subdivisions would be granted certificates to practice as veterinarians without examination, and the time so fixed in said act being June 30, 1913. The provisions do not require an examination, and all applicants who applied after June 30, 1913, are required to submit to a satisfactory examination by the board of examiners, as provided in said act, before they are entitled to a certificate to practice as veterinarians in this state.

Error from District Court, Grady County: Will Linn, Judge.

Mandamus by R. B. Human against F. F. Meads and others, constituting the State Board of Veterinary Medical Examiners. Judgment for plaintiff, and defendants, bring error. Reversed.

S. P. Freeling, Atty Gen., and A. M. Beets and R. E. Wood, Asst. Attys. Gen., for plaintiffs in error.

Holding & Herr, for defendant in error.

ELTING, J. On the 18th day of May, 1918, R. B. Human, defendant in error, filed a petition in the district court of Grady county, Oklahoma, against the plaintiffs in error, who constituted the State Board of Veterinary Medical Examiners, alleging that the plaintiff, R. B. Human, had filed his application with said board on the 15th day of October, 1917, to be registered as a nongraduate to practice veterinary medicine, surgery, and dentistry in the state of Oklahoma; that the said plaintiffs in error refused to issue a certificate entitling him to follow his profession; that he had complied with the requirements of the law; and asking the court to issue a writ of mandamus commanding the plaintiffs in error to issue to him a certificate of registration as such nongraduate veterinarian under the provisions of chapter 28, Session Laws of Oklahoma, 1913.

Answer was filed by the plaintiffs in error, and the case was submitted to the district court of Grady county upon an agreed statement of facts. The district court entered judgment directing plaintiffs in error to issue said certificate to said R. B. Human to practice his profession as prayed for in the petition; from which judgment the plaintiffs in error have appealed to this court.

The question raised in this appeal involves the interpretation of two subdivisions of section 6, ch. 28, Session Laws of 1913. Three pertinent provisions of said act read as follows beginning on page 53 of said Session Laws:

"All persons desiring to practice veterinary medicine, surgery or dentistry in this state may present their written application to said board for registration and certificate. Until after the 30th day of June, 1913, any person not a holder of a degree from some recognized veterinary college approved by the United States Bureau of Animal Industry, Department of Agriculture, may be deemed eligible for registration and certificate, upon presenting to the secretary of said board his written application, and also letters of recommendation from ten freeholders and stock-owners of his county, as to his qualifications and good moral character, and any person who has practiced veterinary medicine, surgery or dentistry in the state of Oklahoma for two years prior to the passage of this act for compensation, shall be registered as a nongraduate of veterinary medicine, surgery, and dentistry, and be issued a certificate signed by the members of said board, which shall entitle him to practice in this state.

"Until after June 30th, 1913, any person who is a graduate of a legally chartered and authorized college, or veterinary department of any university, or agricultural college which is approved by said United States Bureau of Animal Industry, Department of Agriculture, and who is a resident elector of the state of Oklahoma, at the time of the passage of this act, shall be entitled to registration and to a certificate. If said board finds said applicant is of good moral character and upon presenting his diploma with verification and identification, and when said board shall be satisfied, as to such matters, it shall register said applicant as a graduate practitioner, and shall issue him a certificate as a graduate practitioner.

"After said 30th day of June, 1913, any person not heretofore authorized to practice veterinary medicine, surgery, or dentistry in this state, and desiring to enter upon such practice, shall file his written application with the secretary of said board, and if he shall satisfactorily pass the examination given him by said board, it shall register said applicant and issue him a certificate entitling him to practice."

The defendant in error contends that he was entitled to have a certificate issued him under the first subdivision of said section 6, as a nongraduate veterinarian, he having filed an application with said examining board on the 15th day of October, 1917; the said defendant in error contending that, under the provisions of said section 6 above quoted, his application should have been considered at the time the same was made, and a certificate issued to him. The board contends that, his application not having been made to the board on or before the 30th day of June, 1913, the applicant was not entitled to registration under the provisions of the first subdivision of said section 6 as a nongraduate veterinarian.

We think that the contention of the plaintiffs in error is well taken. It is the rule of interpretation of statutes that it is the duty of the court to interpret the same so as to give every part and term of the statute a meaning, if possible, and that every part bears on, defines, and gives scope to a legislative intent, if the same can be done.

Paragraph 247, 25 R. C. L. 1006, reads as follows:

"Obviously, in order that effect may be given to every part of an act in accordance with the legislative intent, all the language of the act must be considered and brought

into accord. It is not safe to base a construction upon a particular word or phrase, for the language of legislative enactments is not always precise and accurate, and, besides, one portion may frequently be designed to extend, qualify or limit another, that the meaning of one portion of a statute may depend upon the effect of another. Hence, it is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute taken and compared together. The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the Legislature as therein expressed. If possible, a statute should be so construed as to render it a consistent and harmonious whole. If different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. In other words, a statute must receive such construction as will make all its parts harmonize with each other, and render them consistent with its general scope and object. The various provisions of an act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency. The court may not, in order to give effect to particular words, virtually destroy the meaning of the entire context; that is, give the particular words a significance which would be clearly repugnant to the statute, looked at as a whole, and destructive of its obvious intent. It has been held that although part of a statute may be unconstitutional, in getting at the legislative intent the whole act, the unconstitutional as well as the constitutional portions must be considered."

The first subdivision of section 6 provides for the issuing of a certificate to practice to persons who are not holders of a degree from some recognized veterinary college approved by the United States Bureau of Animal Industry, Department of Agriculture, and it was under this subdivision that the defendant in error applied. It is not contended that the defendant in error's application did not meet the requirements of this provision, except that he had not filed the same in time. This subdivision reads "until after the 30th day of June any person not a holder of a degree, etc., may be deemed eligible for registration and certificate;" and then provides that any person who has practiced veterinary medicine, etc., in the state of Oklahoma for two years prior to the passing of this act for compensation should be registered as a nongraduate. The second subdivision of section 6 provides for the issuance of a certificate to any person who is a graduate of a legally chartered and authorized college or veterinary department of any university or agricultural college approved by the United States Bureau of Animal Industry, Department of Agriculture, and who is a resident elector of the state of Oklahoma, at the time of the passage of this act. The act was approved March 10, 1913. This second subdivision uses the language as is provided in the first subdivision—"until after June 30, 1913." We cannot interpret these two expressions in said subdivisions, "until after June 30, 1913," to mean anything else than as an intention to fix a time on and before when nongraduates and graduates could apply and be permitted to practice under the provisions of said law without examination. If this date does not mean this, it does not have a purpose in the statute and is meaningless, and hence, applying the rule of interpretation that we have heretofore set out, it is the duty of this court to interpret such provisions so as to give a meaning and significance to this date and not to interpret it as having no effect, and such would be our interpretation if we held with the defendant in error in his contention.

Another rule of interpretation as applied to statutes is to interpret and arrive at the meaning of the various provisions by considering the purpose and intention of the Legislature derived from all the pertinent provisions of the law. The first two subdivisions that we have discussed and the interpretation of the same that we have placed upon them are borne out by the third subdivision of the provision as heretofore quoted, and reading as follows:

"After said 30th day of June, 1913, any person not heretofore authorized to practice veterinary medicine, surgery or dentistry in this state, and desiring to enter upon such practice, shall file a written application with the secretary of said board, and if he shall satisfactorily pass the examination given him by said board it shall register said applicant and issue certificate to him entitling him to practice."

The subdivision uses the expression, "after said 30th day of June, 1913," referring back to the dates given in the preceding subdivision. Under said subdivision, any person not heretofore authorized must pass an examination. The applicants under the two preceding subdivisions did not have to pass an examination, provided they complied with the provisions in their said application either as a nongraduate or as a graduate. There was no provision in the stat-

utes prior to this act giving any board authority to grant certificates and the right as a veterinarian to practice. Therefore, the authorization to practice must refer to the authorization under the first two subdivisions of section 6. The defendant in error having applied as a nongraduate under the provisions of the first subdivision, and his application not being presented on or before June 30, 1913, he was not entitled to be authorized and have a certificate issued to him as a veterinarian and as a nongraduate. His application being after said date, he was only entitled to have a certificate issued to him to practice as a veterinarian upon passing a satisfactory examination given him by said veterinary board.

We, therefore, hold that the trial court committed error in granting petition of plaintiff below, defendant in error, and the judgment of the lower court is, therefore, reversed, and the petition of the defendant in error, plaintiff below, is ordered dismissed.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.