## GROVE v. UNITED STATES.
### No. 686 Civil Action.

District Court, M. D. Pennsylvania.

Sept. 4, 1941.

Max Rosenn, of Wilkes Barre, Pa., for plaintiff.

Thurman Arnold, Asst. Atty. Gen., and S. R. Brittingham, Jr., Sp. Asst. to Atty. Gen., for the Government.

Daniel H. Kunkel, of Washington, D. C., for Interstate Commerce Commission.

Before GOODRICH, Circuit Judge, and JOHNSON and WATSON, District Judges.

WATSON, District Judge.

This action was instituted by the plaintiff to set aside an order of the Inter-

state Commerce Commission, hereinafter referred to as the "Commission", entered December 9, 1940, denying the plaintiff's application for a certificate of convenience and necessity under the Motor Carrier Act of 1935, 49 Stat. 543, 49 U.S.C.A. §§ 301–327. Jurisdiction of this cause is vested in this Court pursuant to the provisions of 28 U.S.C.A. §§ 45, 45a.

The Commission on its motion was permitted to intervene. The plaintiff moved for a preliminary injunction and hearing was duly fixed thereon. At the hearing it was stipulated by the parties that the hearing might be considered as a final hearing on the merits. The plaintiff introduced in evidence a certified record of the proceeding before the Commission.

■ The duty of this Court is to determine whether or not the action of the Commission was based upon substantial evidence and whether or not the legal conclusions of the Commission are correct.

The following facts are shown by undisputed evidence: The plaintiff, in 1931, began transporting automobiles by motor carrier from Buffalo, New York, and Detroit, Michigan, to points in New York State, New Jersey, Pennsylvania, Maryland and the District of Columbia. Under an agreement between the M. & G. Convoy Co., Inc., and the plaintiff, the plaintiff was to pay $15 to the M. & G. Convoy Co., Inc., for each load of cars carried by the plaintiff. This agreement was later changed to provide that the M. & G. Convoy Co., Inc., was to retain 23% of the rate charged the shipper, and the plaintiff was to receive 77% thereof. All shipments were transported under the rates and on the bills of lading of M. & G. Convoy Co., Inc. Substantially all of plaintiff's expenses were paid in the first instance by M. & G. Convoy Co., Inc., and were then deducted from the plaintiff's 77% of the carriage charges. At that time and until 1936, plaintiff's equipment consisted of one complete unit composed of a tractor and a trailer. The plaintiff continued its arrangement with M. & G. Convoy Co., Inc., until September, 1937, at which time plaintiff severed his relation with M. & G. Convoy Co., Inc., and commenced to transport automobiles entirely on his own behalf. In 1936 plaintiff purchased an additional tractor and trailer, and at the time of the hearing before the Commission, he operated two units which he owned and four others which were leased. On November 7, 1936, the plaintiff filed his application for a certificate of convenience and necessity authorizing his operation as a common carrier by motor vehicle of automobiles from Buffalo, New York, and Detroit, Michigan, to points in New York State, New Jersey, Pennsylvania, Maryland and the District of Columbia over irregular routes. The plaintiff filed his application for a certificate under the "Grandfather Clause" of section 306(a), 49 U.S.C.A., but evidence was offered and received on the question of the public convenience and necessity for plaintiff's operation.

■ From the record it is apparent that the plaintiff's application was filed long after the expiration of the one hundred and twenty day provision of section 306(a). The plaintiff alleged that the Commission's ruling that he could not claim the benefits of the "Grandfather Clause" because his application was too late was in error. At the hearing he did not press this point and in his brief it is completely disregarded. However, since the question has been raised and not expressly waived and no decision has been cited or found determinative thereof, the Court feels that it should briefly set forth its reasons for affirming this ruling of the Commission. Section 306(a) provides that " * * * if any such carrier or predecessor in interest was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, * * * the Commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application for such certificate was made to the Commission as provided in paragraph (b) of this section and within one hundred and twenty days after October 1, 1935 * * *." (This section did not become effective until October 15, 1935.) The one hundred and twenty day provision is clearly a qualification of the right of the applicant to obtain a certificate without proof of public convenience and necessity. Any other construction would constitute an unwarranted departure from the clear terms and the purpose of the Act. It was said in McDonald v. Thompson, 305 U.S. 263, 266, 59 S.Ct. 176, 178, 83 L.Ed. 164: "As the Act is remedial and to be construed liberally, the proviso defining exemptions is to be read in harmony with the purpose of the measure and held to extend only to carriers plainly within its terms."

The obvious necessity for a limitation upon the time for filing "Grandfather" applications is to enable the Commission to function efficiently in determining the requirements of public necessity and convenience for carriers who have filed applications. Without such a requirement, the Commission would be forced to speculate as to the number of existing operations and would be unable to determine with any degree of certainty the facilities available to the public. Thus, the situation might well arise where the Commission, after having granted a certificate to an applicant able to serve the public adequately and who started his operation after June 1, 1935, would be confronted with an application for a certificate under the "Grandfather Clause." The granting of both certificates might result in the creation of the very situation which the Act was designed to eliminate. The Commission properly ruled that the plaintiff was not entitled to a certificate under the "Grandfather Clause" of section 306(a) by reason of the fact that the application was not filed within one hundred and twenty days of the effective date of the section.

It follows, therefore, that the nature and extent of plaintiff's operation prior to the hearing before the Commission is immaterial except insofar as the very fact of operation may tend to show public convenience and necessity. The Commission found that " * * * it has not been shown that the present or future convenience and necessity require the proposed operation and that the application should be denied". The question before the Court is whether or not this finding is supported by substantial evidence. The plaintiff devoted most of his arguments to the findings of the Commission with regard to the nature and extent of his prior operations. Even if it were conceded that some of these findings of the Commission are not only without support in the evidence but contradictory thereto, the Commission's finding quoted above receives ample support in the evidence. Without discussing this evidence in detail it showed that at the time of the hearing a large number of carriers were operating as little as twenty-five per cent of their equipment; that they had never refused to carry any automobiles because of want of sufficient equipment; that they were ready, willing, and able to furnish service to persons in addition to those they were then serving; and that they served the same territory which is sought by the plaintiff and offered the same type of service. There was also evidence to show that the railroads had idle equipment available to meet additional demand. It is also difficult to escape noting the fact that the size of plaintiff's operation is such that if he ceases to operate the resultant additional public demand will not be so large as to burden the existing carriers, many of whom according to the evidence own over a hundred complete units and have leased a large number of additional units. Thus, the evidence clearly supports the Commission's determination that the existing service is adequate to meet the requirements of the present and future demands of public convenience and necessity.

The Court has carefully considered the record of the proceedings before the Commission and has determined that the material findings of the Commission are supported by substantial evidence and that no error prejudicial to the plaintiff has been made.

It is ordered and directed that judgment be entered in favor of the defendant, United States of America, and the intervening defendant, Interstate Commerce Commission, and against the plaintiff, Benjamin E. Grove.