271 P.2d 477

TUCSON WAREHOUSE & TRANSFER CO., Inc.

v.

AL'S TRANSFER, Inc.

No. 5850.

Supreme Court of Arizona.

June 14, 1954.

---

* Upon presentation of the petition for the writ, Chief Justice Marlin T. PHELPS announced his disqualification, and the

Honorable Nicholas UDALL, one of the Judges of the Superior Court of Maricopa County, was called to sit in his stead.

324

Darnell, Robertson, Holesapple & Spaid, Tucson, for appellant.

Cusick, Watkins & Frey, Tucson, for appellee.

WINDES, Justice.

Appellant, Tucson Warehouse & Transfer Co., Inc., a corporation, as plaintiff, filed a complaint against appellee, Al's Transfer, Inc., a corporation. The parties will be referred to herein as plaintiff and defendant. The complaint sets forth in substance the following facts: That on August 8, 1949, the Arizona Highway Department, Division of Motor Vehicles, pursuant to the provisions of section 66–520, A.C.A.1939, notified the Arizona Corporation Commission to revoke a certificate of convenience and necessity theretofore issued to one W. A. Ramsey doing business as Al's Transfer; that the usual citation was issued requiring a showing of cause why all rights, privileges and franchises granted thereunder should not be canceled and revoked; that under date of September 11, 1950, a like request was made on the

Corporation Commission and another citation issued ordering an appearance on September 25, 1950, to show cause why said certificate should not be canceled and revoked; that on December 28, 1950, another like order to show cause was issued; that on February 19, 1951, the Corporation Commission entered its opinion and order reciting that a hearing was held and evidence adduced showing failure to file reports and pay taxes as required by law, stating that such failure constituted an abandonment of the rights and privileges under said certificate and ordering the rights and privileges granted thereunder canceled and the records closed.

The complaint further alleges that three months later, on May 18, 1951, without notice by publication or otherwise and without a hearing, the Corporation Commission by ex parte opinion and order purported to rescind its order canceling and revoking said certificate; and that for some time prior to the rendition of the order of cancelation, the holder thereof, Al's Transfer, had not operated as a common carrier, nor held itself out as such. The complaint further stated that the defendant corporation under and by virtue of a purported assignment from W. A. Ramsey, doing business as Al's Transfer, is now operating in Tucson and vicinity in competition with the plaintiff who holds a certificate of convenience and necessity issued to it on August 22, 1952. Then follow allegations of irreparable damage incapable of estimation resulting in no adequate remedy at law and a prayer for a decree declaring defendant's operation unlawful and enjoining it from operating as a common motor carrier of freight and baggage in Tucson and vicinity.

Defendant moved to dismiss the complaint on the grounds that the court lacked jurisdiction over the subject matter, that the complaint failed to state a claim for relief and that plaintiff has failed to join an indispensable party. The trial court granted the motion and rendered judgment that the complaint be dismissed for the reason that it failed to state a claim for relief. Plaintiff appeals.

 The complaint is a collateral attack upon an order of the Corporation Commission and if it had jurisdiction to set aside the order of revocation, plaintiff must fail for the reason that any order which the Commission has power to make is conclusive unless the statutory procedure for review is followed. Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435. On the other hand, a decision of the Commission which goes beyond its power as prescribed by the Constitution and statutes is vulnerable for lack of jurisdiction and may be questioned in a collateral proceeding. Consequently, an important question leading to a solution of the problems presented is whether the Commission had the power and jurisdiction to make its ex parte order of May 18, 1951, setting aside its former order of February 19, 1951, wherein the certificate of W. A.

Ramsey, doing business as Al's Transfer, was revoked. The Corporation Commission's jurisdiction is limited to those powers given it by the Constitution and statutes of the state. Defendant recognizes this and relies upon Article 15, section 3, of the Arizona Constitution and sections 69–247 and 69–248, A.C.A.1939, as the source of the power vested in the Commission to rescind its order canceling rights to operate under the certificate of convenience and necessity originally issued to defendant's assignor. Article 15, section 3, of the Constitution has no application to the kind of order involved herein. It specifies orders concerning classifications, rates, rules and orders governing the transaction of business and other matters concerned in the method of operation of public service corporations under its jurisdiction. We are here concerned with an order empowering or qualifying one to operate as a common carrier. Section 69–248, supra, has no application for the reason that it empowers the Commission to change its order on rehearing filed within 10 days subsequent to the effective date of the order to be changed. Section 69–247, supra, does provide that the Commission may at any time, on notice to the corporation affected, rescind any order or decision. The phraseology of this section is all inclusive, but it must be construed in connection with other statutory provisions dealing with the subject matter. The right to and conditions under which one may operate as a common motor carrier are controlled by chapter 66, article 5, sections 66–501 and following, A.C.A.1939 and 1952 Cumulative Supplement thereto. This article among other provisions imposes a license tax of two and one-half percent of gross receipts payable to the Superintendent of Motor Vehicles Division, State Highway Department, and provides that if the carrier fails to file with the Superintendent of Motor Vehicles Division the reports required or fails to pay the tax, the Corporation Commission shall revoke its certificate of convenience and necessity. Sections 66–518 and 66–519, 1952 Cumulative Supplement, A.C.A.1939, and 66–520, A.C.A. 1939.

The procedure and method of securing a certificate of convenience and necessity to operate upon the highways of the state as a common motor carrier is that an application be filed in duplicate giving prescribed details; that the Commission shall fix a time and place for hearing thereon not less than 10 days after filing; and that notice be mailed to interested parties and be published for three days in a newspaper of general circulation in the county where the hearing is to be held. Section 66–506, A.C.A.1939.

■ It is our view that when Ramsey failed to pay his taxes and the Commission revoked his certificate, as it was required to do under the statute, all rights thereunder died and to requalify, the former holder must follow the prescribed procedure provided in section 66–506, supra, before the Commission would have any power or

jurisdiction to act further in the matter. To revoke is to annul or make void. Black's Law Dictionary, Fourth edition. To permit the Commission to revive a void certificate at any time it deems advisable by ex parte order would defeat the purpose and meaning of the statute requiring revocation. It would give it the effect of requiring only suspension for such length of time as the Commission might of its own motion decide. The statute requires that the Commission cancel and not suspend the certificate. The certificate having been annulled, there was nothing to revive. If legal sanction be given the attempted rescission order of May 18, 1951, the provisions of section 66–506, supra, would be bypassed and defeated. The attempted revival of a terminated certificate is the legal equivalent of the issuance of a new one. This can only be done by following the prescribed procedure.

The order which attempts to reinstate the certificate shows on its face that Ramsey had since paid his taxes. This, however, avails him nothing. Being in default, the Commission was obliged to terminate his license and having done so, no rebirth is possible.

The Corporation Commission has recognized the necessity of re-application in the event of revocation by the promulgation of general order No. 102–A under date of December 22, 1925, reading as follows:

"Revocations of authority to operate made by reason of the failure of the owner or operator to pay the mill tax due the state under the provisions of Section 10, Subdivision II, Chapter 76, Session Laws of 1923, will require the filing of an application the same as if the owner or operator were an original applicant before the Commission for authority to operate."

Likewise, on December 31, 1952, the Commission, as required by section 5, chapter 97, Session Laws of 1952, section 4–705, 1952 Cumulative Supplement, A.C.A.1939, filed with the Secretary of State its rules and regulations in effect at that time, among which was general order MV–20 in part as follows:

"Revocation of authority to operate made by reason of failure of the owner or operator to pay the transportation tax due the state will require the filing of an application the same as though the owner or operator were an original applicant before the Commission for authority to operate, before he may again operate as a motor carrier."

The rule is that general rules and regulations of an administrative board or commission prescribing methods of procedure have the effect of law and are binding on the Commission and must be followed by it so long as they are in force and effect. Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415. It is apparent, therefore, that the Commission in attempting to reinstate the certificate violated not only the prescribed statutory procedure but also the require-

328

ment of its own rule governing the situation.

Defendant contends that injunction is not an available remedy but this matter has been decided adversely in our case of Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404.

The suggestion is made that the Corporation Commission is an indispensable party to the action but there is no merit to this contention. It is not affected by the outcome of this litigation except to the extent that this decision will be a guide in the future.

Reversal with instruction to reinstate the complaint.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.