322 P.2d 369

S. Del GEORGE, d.b.a. Paul Alley Livestock Transportation Company; Hopper Transportation Company, a corporation; and John Calhoun and J. W. Calhoun, copartners d.b.a. Calhoun Brothers Transportation Company, Appellants,

v.

ARIZONA CORPORATION COMMISSION, Appellee.

No. 6075.

Supreme Court of Arizona.

March 5, 1958.

Minné & Sorenson, Phoenix, for appellants.

Robert Morrison, Atty. Gen., Joseph Lewis, Asst. Atty. Gen., Howard Gibbons, Randall & Chatwin, Phoenix, of counsel, for appellee.

ROBERT S. TULLAR, Superior Court Judge.

From the year 1925 up to January 3, 1945, H. Grady Harrison had been certificated by the Arizona Corporation Commission to transport freight and baggage over the public highways of Arizona "in Payson and vicinity." Although this was only what is called a "vicinity certificate," the record indicates that prior to 1937 the Commission permitted the hauling of livestock anywhere in Arizona under such a certificate.

During the year 1937 the Commission promulgated Order No. 133–A, the relevant portion of which is as follows:

"Hereafter, no livestock shall be transported under and by virtue of any certificate of public convenience and necessity authorizing the transportation of property as a vicinity carrier. Any holder of a vicinity certificate who, on the date hereof, was engaged in the business of transporting livestock un-

der a vicinity certificate and who has so transported livestock to the date of application, being properly equipped so to do, shall, upon application therefor and furnishing this Commission on or before October 1, 1937, satisfactory evidence of such bona fide transportation, be entitled to and shall be issued a certificate of public convenience and necessity authorizing the transportation of livestock within the State of Arizona. Livestock permits will be subject to transfer only after a public hearing and justification therefor."

In the latter part of December, 1944, Harrison caused the affidavits of two Arizona residents to be filed with the Commission in which it was stated that prior to October 1, 1937, Harrison had prepared the kind of application required by Order 133–A for the purpose of protecting the right he had theretofore exercised to transport livestock throughout Arizona. It was stipulated at pre-trial conference that Harrison did not file said application.

On the strength of these affidavits the Commission, without hearing, caused to be issued what was called a "Corrected Certificate," which purported to modify Harrison's then existing certificate by adding to it the words, "livestock within the State of Arizona." In 1949 the Commission issued Harrison a renewal certificate which also contained the provision for statewide livestock rights.

In 1951 Harrison applied to the Commission for authority to transfer his certificate. A hearing was had at which the appellants protested the granting thereof insofar as the statewide livestock rights were concerned on the ground that the Commission had no jurisdiction to enlarge Harrison's certificate without proper application, notice and public hearing. Despite the protests the application for transfer was granted, petition for rehearing was denied, and an appeal therefrom was duly taken to the Superior Court in Maricopa County wherein appellants were plaintiffs and appellees, the then members of the Commission, were defendants.

The trial court affirmed the action of the Commission, apparently on the theory that the requirements of Order 133–A could be waived by the Commission; motion for new trial was denied, and this appeal was duly perfected.

Appellants, who are competing carriers, have at all times taken the position that the Commission granted the "Corrected Certificate" without jurisdiction so to do. Hence, they contend, the Commission's act is subject to collateral attack. It is the Commission's position that its order is final and not now reviewable, that the Commission had the power to make such an order ex parte, and that the appellants are barred by laches.

■ A.R.S. § 40–607 (Sec. 66–506, A.C. A.1939) prescribes the method for secur-

ing a certificate of convenience and necessity. This requires an application duly filed and a prescribed period of notice which must be mailed to interested parties and published in a newspaper. The requirements of this statute must be met before the Commission has any power or jurisdiction to act further in the matter. Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., 77 Ariz. 323, 271 P.2d 477.

It is conceded that no attempt was made to comply with this statute. The Commission contends, however, that under Order 133-A "vicinity carriers" who had engaged in the transportation of livestock might continue to do so under an exercise of a "grandfather right," without further requirement than that the provisions of the said order be complied with. And, since there is no provision in the order for notice or public hearing, the Commission argues that it may waive the deadline provided in the order if it sees fit.

No attack is made upon Order 133-A nor, to find the solution to this case, need any be made. The October 1, 1937, deadline had passed by more than seven years when Harrison sought to bring himself within the confines of the order by filing his neighbor's affidavits.

■ This court has held flatly that rules and regulations prescribing methods of procedure of an administrative board or commission,—and specifically the Corporation Commission,—have the effect of law, are binding on the board or commission, and must be followed by it so long as they are in force and effect. Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., supra.

Rule 33 of the Rules of the Industrial Commission provided in substance that a party aggrieved by an award must file application for rehearing within twenty days. In Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547, 548, it was argued that since the Commission had made the rule it had the right to waive it. On that point we said:

"We recognize that the commission may in the interest of justice and under proper circumstances waive strict compliance with its own rules, but this presupposes jurisdiction to act in the matter. The commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and the court has no more power to waive a rule than it has to commit any other judicial act concerning the subject matter.

"A court cannot re-create an exhausted jurisdiction by waiving a rule that has already operated to close the book of judicial inquiry. There must at some time be an end to litigation. To uphold the commission herein would lead to interminable confusion

and uncertainty. No one interested would ever know what were his ultimate rights and obligations. * * * "

In Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415, 422, it was held that the rules and regulations adopted by the Unemployment Compensation Commission, under the authority of statute, have the same force and effect, so far as their scope is concerned, as law, and all persons affected thereby, including the Commission, are bound to follow them so far as they are applicable. The court said in substance that while the Commission had the power, within statutory limits, to change its rules and regulations, it was bound by them unless or until it did change them, and that any action taken by the Commission must be in conformity with the regulations as they existed at the time of the action, and not as they might afterwards be amended. "Retroactive regulations," the court said, "are just as obnoxious as retroactive laws."

City of Phoenix v. Sittenfeld, 53 Ariz. 240, 88 P.2d 83, and Welch v. State Board of Social Security and Welfare, 53 Ariz. 167, 87 P.2d 109, are cases where the Civil Service Board and the State Board of Social Security and Welfare, respectively, were similarly held bound to abide by their own rules, action contrary thereto being declared void.

Section 306(a) of the Motor Carrier Act of 1935, 49 U.S.C.A. sections 301–327, provides for the granting of "grandfather rights," by the Interstate Commerce Commission. The section required application to be made within 120 days after October 1, 1935. In Grove v. United States, D.C., 40 F.Supp. 503, 504, the District Court struck down an attempt by a carrier to qualify after the 120-day period had expired. The court said:

"The one hundred and twenty day provision is clearly a qualification of the right of the applicant to obtain a certificate without proof of public convenience and necessity."

And in language directly applicable to the situation presented in the case at bar the court explained:

"The obvious necessity for a limitation upon the time for filing 'Grandfather' applications is to enable the Commission to function efficiently in determining the requirements of public necessity and convenience for carriers who have filed applications. Without such a requirement, the Commission would be forced to speculate as to the number of existing operations and would be unable to determine with any degree of certainty the facilities available to the public. Thus, the situation might well arise where the Commission, after having granted a certificate to an applicant able to serve the public adequately and who started his operation after June 1, 1935, would be

confronted with an application for a certificate under the 'Grandfather Clause.' The granting of both certificates might result in the creation of the very situation which the Act was designed to eliminate. The Commission properly ruled that the plaintiff was not entitled to a certificate under the 'Grandfather Clause' of section 306 (a) by reason of the fact that the application was not filed within one hundred and twenty days of the effective date of the section."

 The action of the Commission in granting Harrison a so-called "Corrected Certificate," without hearing, seven years late, was arbitrary, capricious, and a bare usurpation of power it did not and could not possess. Its action being void, it follows that the rule prohibiting collateral attack has no application. Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., supra; Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 68, 216 P. 2d 404.

As to the defense of laches, it is doubtful whether appellants could have been guilty thereof, since they were never given notice of the issuance of the "Corrected Certificate." It is, however, immaterial. The doctrine of laches is a form of estoppel, and where the public interest is involved neither estoppel nor laches can be permitted to override that interest.

Pacific Greyhound Lines v. Sun Valley Bus Lines, supra.

The judgment of the trial court is reversed with directions to enter judgment for plaintiffs invalidating the Commission's order.

UDALL, C. J., and WINDES, PHELPS, and JOHNSON, JJ., concurring.

NOTE: STRUCKMEYER, J., having been the trial judge, disqualified, and Honorable ROBERT S. TULLAR of the Superior Court, Pima County, was called to sit in his stead.