322 P.2d 376

**F. W. TIMMERMAN, Lillian Bennett and C. G. Kloncz, Appellants,**

v.

**LIGHTNING MOVING & WAREHOUSE CO., a corporation; Bekins Van & Storage Co., a corporation; Westward Transfer Co., a corporation; Triple X Transfer, Inc., a corporation; Schade Transfer & Storage Co., a corporation; Valley Carriers, Inc., a corporation; Harold J. Hart, Elvis L. Baker and Quentin K. Ziegler, Co-partners, doing business as H & R Transfer & Storage Co., and Chambers Transfer and Storage Co., a corporation, Appellees.**

**No. 6166.**

Supreme Court of Arizona.

March 5, 1958.

Cunningham, Carson & Messinger, Phoenix, and Richard H. Elliott, for appellants.

Minne & Sorenson, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment of the superior court in favor of Lightning Moving & Warehouse Co. et al., appellees, permanently enjoining appellant Timmerman, his agents, servants, employees and all other persons acting in concert with him from in any manner conducting and carrying on any operations as a common motor carrier for hire for the transportation of freight, baggage and household goods within a 25-mile radius of Phoenix, Arizona by reason of certificate No. 2980 issued to him by the Arizona Corporation Commission Docket No. 1795–S–743. The Corporation Commission will be hereinafter designated as the Commission; appellants Timmerman, Bennett and Kloncz, as Timmerman; and the Transfer companies, as appellees.

The facts are that Timmerman obtained a certificate of convenience and necessity from the Commission on December 20, 1934 to operate as a common motor carrier for the transportation of freight and baggage over the public highways designated as those in Phoenix and vicinity for a period ending December 31, 1939, unless for cause sooner revoked. This certificate was numbered 2980 and is the same number as the one which Timmerman now claims is valid. The docket number shown on the certificate is No. 1795–A–743, but elsewhere

has been interchangeably designated as No. 1795–A–743, as No. 1795–S–743, and at least in one document as No. 1795–5–743. Since the certificate has consistently been designated as No. 2980, we believe the discrepancy in the docket number is immaterial.

In July 1935 Timmerman applied for a suspension of his operation for 90 days and received prompt approval thereof by the Commission. On August 27 following, he applied for further suspension of operation until November 10, 1935. This application apparently was not acted upon by the Commission but bears notation that Timmerman would resume operation November 1, 1935. On July 15, 1936 Timmerman again asked the Commission for permission to suspend operations until October 15, 1936. This was approved on July 27, 1936. Thereafter, on October 8, he again asked for permission to suspend operations until January 15, 1937, which request was approved by two commissioners on the same date. On January 12 Timmerman made another request for further suspension of operation until April 15, 1937, which request was also approved by the Commission. On June 25, 1937 the Commission's Motor Vehicle Division advised the Commission that its records showed: that Timmerman had not operated as a common carrier under his certificate of convenience and necessity between July 15, 1936 and April 15, 1937, that he was railroading in California, and that his insurance had expired; and asked

the Commission whether it desired to close the case.

The Commission on June 30, 1937, apparently without notice to Timmerman or anyone else, in its decision No. 8992, cancelled certificate No. 2980 and revoked all rights, privileges and franchises thereunder as of that date upon two grounds: (1) that Timmerman had failed and neglected to secure public liability insurance as provided by law, and (2) that his failure and refusal to carry on and perform the public service which the law requires in itself constituted an abandonment of the rights and privileges granted him. The Commission had previously written Timmerman that it was not necessary for him to carry insurance when he was not operating as a common carrier. A copy of the order and opinion mailed to Timmerman at Watsonville, California where he was supposed to be working for a railroad was returned undelivered.

On March 14, 1938 Timmerman wrote to the Commission enclosing an application on a regular application form of the Commission and asking for a certificate authorizing the operation of motor vehicles as common carriers for the transportation of freight and baggage in Phoenix and vicinity. It was filed as docket No. 1795–S–743 and entitled "Renewal and Re-instatement." The application was dated March 14, 1938 and received by the Commission on March 16 following. Notice was duly mailed to all interested parties and published as re-

quired by law. It stated that the application was for renewal and reinstatement and noticed the hearing for the following March 29. Upon request of Timmerman hearing was continued to April 26, and notice thereof was sent out by the Commission.

Hearing was held on April 26, and by its decision No. 9751 filed on May 9, 1938 in the above-numbered docket, the Commission held that the evidence was insufficient to prove that public convenience and necessity required the operation of the vehicles as prayed for, and ordered that the application for renewal and reinstatement of Timmerman's operative rights held under certificate No. 2980 be denied. No appeal was taken by Timmerman from this order. On September 12, 1938 Timmerman filed an application for rehearing on the application denied by order of the Commission on May 9. This was also duly noticed and the hearing set thereon for September 27. This hearing was postponed until October 4, 1938, at which time it was heard and taken under advisement. On October 31st the Commission made and entered its opinion and order denying Timmerman's application for rehearing. No appeal was taken from this order.

Nothing further occurred in this matter until September 25, 1944 when the Commission, without notice to anyone and without hearing, entered its ex parte opinion and order renewing Timmerman's certificate of convenience and necessity No. 2980 which it had revoked on June 30, 1937 by its decision No. 8992. Nothing further appears in the record until June 20, 1952 when Timmerman filed application with the Commission to transfer his certificate to one George Stombs. This application was duly noticed and heard on July 30, at which time objections were made by Lightning Moving & Warehouse Co. et al. on the ground that said certificate was a nullity and therefore there was nothing to transfer. The Commission, nevertheless, directed that the application be granted but also directed that said certificate be not issued for a period of five days in order to permit protestants to apply to the superior court for a writ of prohibition. Application was promptly made to the court for such writ, and on September 29, 1952 the court issued its peremptory writ of prohibition commanding the Commission to desist and refrain from any further proceedings in connection with the application for such transfer.

In August 1953 some of the appellees herein petitioned the Commission for an order directed at Timmerman, et al. requiring them to immediately cease and desist from carrying on operations as a common motor carrier or show cause why they should not do so. Finally, in October 1953 such order was issued. The cause was not heard until March 11, 1954, and on May 10 following the Commission in its decision

No. 28217 held that the evidence was insufficient to justify granting said petition.

A motion for rehearing was denied, and in due course petitioners filed an appeal from said decision to the superior court to test the validity of certificate No. 2980 and of decision No. 28217 of the Commission dated May 10, 1954. However, shortly after the filing of the last above-mentioned appeal, the Commission on July 22, 1954 entered its order and opinion whereby it set aside, revoked and annulled its decision No. 28217 entered May 10, 1954, held that certificate No. 2980 was void and of no effect, and directed that Timmerman and all persons operating under said certificate immediately cease and desist any common motor carrier operations thereunder. No appeal was taken from this order. A further hearing was ordered by the Commission, apparently without rhyme or reason, and upon advice of the attorney general the Commission finally ordered that its order and decision of July 22, 1954, holding the Timmerman certificate No. 2980 null and void, should stand as previously set forth. Timmerman filed a petition for rehearing on January 24, 1955. The Commission did not act upon this application within the 20 days prescribed by law, hence it was denied by operation of law. *No appeal* was taken therefrom.

Timmerman continued, however, to operate as a common motor carrier under said certificate, and the instant action was instituted to enjoin such operation, which action resulted in the judgment from which this appeal is prosecuted. Appellants have presented two assignments of error. The first is directed at the interlocutory injunction, and the second, at the judgment of the court entered on July 11, 1955 permanently enjoining Timmerman, his agents, servants and employees, etc., from in any manner carrying on a common motor carrier business by reason of certificate No. 2980 based upon his claim that said certificate was and is valid. It is doubtful that the notice of appeal is broad enough to justify consideration of the first assignment. However, whether or not we give it consideration is immaterial since the result must be the same in either event.

It is unfortunate that a record like that above outlined can be found among the records of any administrative body, especially one whose jurisdiction, including the exercise of quasi-judicial function, is vested in it under the provisions of our state constitution, and one which the late Justice Ross said could almost be considered a fourth branch of our state government. The instant case is a classic example of an abuse of office by the exercise of a power the Commission did not possess.

We agree with appellees that the Commission was wholly without authority to issue its ex parte order and opinion of September 25, 1944. This is true, first, because Timmerman's certificate expired on

December 31, 1939 by virtue of its own limitations which provided for expiration on that date; and this is true, secondly, because the Commission was without any authority whatever to ignore its orders of May 9, 1938 and October 31, 1938, in which, after due notice to all interested parties and hearing held thereon, it denied Timmerman the right to have said certificate reinstated. Since no appeal was taken from either of these orders by Timmerman, they had the legal effect of revoking certificate No. 2980 and became res judicata as to that fact. From that date on certificate No. 2980 had no validity. There then existed no legal method under the law by which the Commission could give certificate No. 2980 renewed vitality.

The only course thereafter open to Timmerman under the circumstances was in the manner prescribed by A.R.S. § 40–607; and the only power thereafter residing in the Commission was under that same section. That section provides for the issuance of an original certificate to operate as a common motor carrier after the notices prescribed therein have been given, a hearing had thereon, a finding made that public convenience necessitated its issuance, and then only if other carriers serving the territory or operating over the route will not provide the service deemed satisfactory by the Commission.

Timmerman contends that under the provisions of A.R.S. § 40–252 the Commission had the authority to enter its order of September 25, 1944 upon giving notice to him. This was decided adversely to his contention in Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., 77 Ariz. 323, 271 P. 2d 477. There is no material distinction between that case and this one. The original certificate in both cases had been legally revoked.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.