DALCO GENERAL AGENCY, INC.,
Appellant,

v.

Clay COTTEN, Commissioner of Insurance and the State Board of Insurance, Appellee.

No. 4905.

Court of Civil Appeals of Texas, Waco.

June 25, 1970.

Akin, Gump, Strauss, Hauer & Feld, Michael Lowenberg, Dallas, for appellant.

Philip G. Warner, Asst. Atty. Gen., Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff, Dalco General Agency, from a take nothing judgment, in a suit to require the Insurance Commission, to grant it a managing general agents license; and involves construction of Article 21.07–3 Section 5(b), Texas Insurance Code, V.A.T.S.

Dalco Agency had a Managing General Agent's License prior to the effective date of Article 21.07–3 Texas Insurance Code on August 28, 1967.

Such act defines a "Managing General Agent" as any "person, firm or corporation who has supervisory responsibility for the local agency and field operations of an insurance company or carrier within this state * * *"; provides examination for the licensing of Managing General Agents by the Insurance Commission; and in Section 5(a) provides that any corporation who was *"in fact, acting as a managing general agent"* on the effective date of the act shall be entitled to receive a license without complying with the procedures prescribed. Section 5(b) then provides "Any such person * * * or corporation shall file a written sworn application on forms provided by the commissioner within 60 days from the effective date of this Act." (which was August 28, 1967).

Plaintiff's application for renewal was dated February 4, 1969 and received by the Insurance Commission on February 14, 1969.

The Insurance Commissioner denied plaintiff's license application on the grounds "application has not shown that on August 28, 1967 it was acting as Managing General Agent for one or more carriers or companies in the State of Texas". An appeal was taken to the State Board of Insurance which heard the application de novo and on

May 14, 1969 affirmed the Commissioner's ruling. Thereafter plaintiff filed the instant case in the District Court pursuant to Section 14 of the act which provides such case "shall not be limited to questions of law and shall be tried upon trial de novo to the same extent as now provided in the case of appeal from the justice court to the county court".

Defendants answered by plea in abatement alleging the trial court had no jurisdiction in the matter because plaintiff's application was not filed within the 60 day period after the effective date of the Act as required by Section 5(b) Art. 21.07–3 VATS.

The trial court overruled defendants' plea to the jurisdiction; tried the case under the substantial evidence rule; found the order of the Insurance Commissioner was reasonably supported by substantial evidence; and entered judgment that plaintiff take nothing.

Plaintiff appeals contending:

1) Dalco was in fact acting as a managing general agent on August 28, 1967 as a matter of law.

2) Dalco was entitled to a trial de novo.

Defendant by cross point asserts the trial court erred in overruling its plea in abatement; that plaintiffs did not meet the jurisdictional and mandatory requirement of the Statute; that the Act sets out a 60 day period in which plaintiff was required to apply for the license under the grandfather clause, and which plaintiffs failed to do.

As noted Section 5 of the Act, the "grandfather clause", provides for the licensing of those "in fact, acting as a general managing agent on the effective date of this Act," (without examination and compliance with additional procedures) ; and Section 5(b) provides that such persons or corporations, shall file "application * * * within 60 days from the effective date of this Act".

The record before us reflects that prior to August 28, 1967, plaintiff had been appointed by American Casualty Company of Reading, Pennsylvania, as its managing general agent in Texas; but that plaintiff had recruited and appointed no local agents to act under its supervision. Mr. Prescott, president of defendant, testified: "We were getting ready to put this thing together"; and "we anticipated" that Dalco "would" act as managing general agent for American Casualty. We think it conclusive that defendant was not "in fact acting as a managing general agent", on the effective date of the act. And it is undisputed that plaintiff did not file its application within 60 days following the effective date of the act.

Counsel for plaintiff on oral argument stated that the evidence before the trial court constituted all of the evidence that could have been adduced on a trial de novo.

■■■ We think that gauged by either the preponderance of the evidence rule or the substantial evidence rule, the record reflects that plaintiff was not "in fact acting as a managing general agent" on the effective date of the act. Moreover the time requirement for filing for license under the grandfather clause is mandatory. 4 A.L.R.2d 690 states the rule thusly: "Ordinarily, if the grandfather clause specifies a time limit for filing a claim to the privilege conferred, the failure to file the claim within the time specified will be fatal * * *". To the same effect is 33 Am.Jur.1969 Supp. p. 75; George v. Arizona Corp. Comm., 83 Ariz. 387, 322 P.2d 369; Meads v. Human, 84 Okl. 82, 202 P. 797.

The judgment is correct. Plaintiffs points are overruled.

Affirmed.