Dear District Attorney Huff,
The Attorney General is in receipt of your request for an opinion with respect to the following question:
"Under present State law, may the duly appointed `First Assistant'District Attorney receive the 90 percent maximum salary limit allowablewhere said First Assistant possesses less than three years experience?"
The office of district attorney was created in 1965 and, in its original enactment, the enabling legislation made no provision for a "first assistant." By passage of Laws 1967, c. 265, 9, now 19 O.S. 215.9 (1971), the Legislature directed that each district attorney designate one assistant as first assistant district attorney, such designation being filed with the Secretary of State. The first assistant district attorney was and is presently authorized to perform the duties of the district attorney in the event of the district attorney's absence, disability or disqualification.
Not until the enactment of Laws 1974, c. 232, 4 19 O.S. 215.15 (1974), was any distinction made between the several assistants district attorney either as to salary or experience. Prior to the 1974 amendments, both the qualifications of an assistant district attorney resident licensed attorney not less than 21 years of age and the salary no more than 90% of the District Attorney's salary were the same, notwithstanding that one assistant was to be designated as first assistant. The 1974 amendment to 19 O.S. 215.15 established a salary scale wherein the experience level of an assistant district attorney constituted a basis of salary, distinguishing between lawyers with one, two or three plus years experience. 19 O.S. 215.15 was again amended by Laws 1977, c.187 2 wherein the salary scale for an assistant district attorney contained an additional salary distinction for the first assistant. Quoted in pertinent part, 19 O.S. 215.1; presently provides:
 The designated first assistant for the district shall receive not less than forty percent (40%) nor more than ninety percent (90%) of the salary of the district attorney. All other assistant district attorneys shall be paid not less than forty percent (40%) nor more than eighty-five percent (85%) of the salary of the district attorney, payable monthly.
 Full-time assistants with over one (1) but less than two (2) years experience shall draw not more than seventy percent 70% nor less than fifty percent (50%) of the salary of the district attorney of his district. Full-time assistants with over two (2) years' experience but less than three (3) years' experience shall draw not more than eighty percent (80%) nor less than fifty percent (50%) of the salary of the district attorney of his district. Full-time assistants with over three (3) years' experience shall receive a salary of not more than eighty-five percent (85%) and not less than fifty percent (50%) of the salary of the district attorney of his district; except as otherwise provided for the first assistant.
The statutory requirement that a first assistant district attorney be designated contained no qualifications for the position other than those required of all other assistants. 19 O.S. 215.9, 19 O.S. 215.15.
Admittedly, while "it is not safe to base statutory construction upon a particular word of phrase," we are nonetheless bound to deduce the intention of the Legislature from the whole and every part of the statute "so as to give effect to the main intent and purpose of the Legislature as therein expressed." Meads v. Human, 84 Okla. 82,202 P. 797 (1921), Syllabus 1.
The Legislature, has not seen fit to limit a district attorney in the selection of a first assistant to the extent of requiring a specific amount of experience. We believe, however, that the Legislature has spoken to the amount of salary that first assistants may receive factored by experience. The first assistant is governed in the salary receivable by the experience level attained to the same degree as any other assistant district attorney with the sole exception that if the first assistant has three plus years experience, there is an entitlement for an additional five percent (5%) compensation for the added responsibilities. To rule otherwise would compel a conclusion that the first assistant must have at minimum three plus years experience, a conclusion which, with notice of the difficulties that some districts may have in obtaining qualified attorneys, would severely restrict the capacity of a district attorney to select supporting staff.
It is, therefore, the opinion of the Attorney General that a firstassistant district attorney may receive a salary from state funds not toexceed the salary payable to other assistant district attorneys forsimilar experience as prescribed by statute except that, when the firstassistant district attorney shall have in excess of three (3) yearsexperience as a licensed attorney, the salary payable may be as much asninety percent (90%) of the district attorney's salary.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION