390 P.2d 582

G. L. GIBBONS, Associated Construction Truckers, an unincorporated Association, and Jack Williams, Elmer Reid, J. W. Fellars, L. H. McWilliams and Tom Ellison, individually and as members of said Association, Petitioners,

v.

ARIZONA CORPORATION COMMISSION and Jack Buzard, E. T. "Eddie" Williams, Jr., and John P. Clark as Members of and constituting said Commission, and Construction Trucking Service, Inc., Respondents.

No. 8174.

Supreme Court of Arizona,

En Banc.

March 13, 1964.

Evans, Kitchel & Jenckes, Phoenix, and Yankee & Bernstein, Phoenix, for petitioners.

Robert W. Pickrell, Atty. Gen., Shimmel, Hill, Kleindienst & Bishop, Phoenix, and Minne & Sorenson, Phoenix, for respondents.

UDALL, Chief Justice.

Certiorari by petitioners G. L. Gibbons, Associated Construction Truckers, and Jack Williams, Elmer Reid, J. W. Fellars, L. H. McWilliams and Tom Ellison, individually and as members of said association, hereinafter referred to as "petitioners", to review the order of the respond-

ents, Arizona Corporation Commission, hereinafter referred to as the "Commission", and Jack Buzard, E. T. "Eddie" Williams, Jr., and John P. Clark as members of and constituting said Commission, whereby the Commission by its Decision and Order No. 34796, dated October 14, 1963, reinstated a Certificate of Convenience and Necessity, No. 5633, held by the respondent Construction Trucking Service, Inc., after the Commission had denied a motion for rehearing.

The record indicates that respondent Construction Trucking Service, Inc., commenced an action under the provisions of A.R.S. § 40–254, subd. A in the Superior Court of Maricopa County, to set aside a previous Decision and Order of the Commission cancelling the certificate. A written judgment was entered in favor of the respondent Construction Trucking Service, Inc., which reads in pertinent part:

"* * * IT IS ORDERED, ADJUDGED and DECREED:

"1. That the defendant Arizona Corporation Commission acted unreasonably and unlawfully in making its Decision No. 34236 revoking a Certificate of Convenience and Necessity No. 5633.

"2. That said Decision No. 34236 of the Corporation Commission is vacated, set aside and held for naught."

Thereafter the Commission met in executive session and on the same day (the 14th day of October, 1963) entered its Decision and Order No. 34796 consistent with the Order and Judgment of the Superior Court.

On October 16, 1963, petitioners filed a Notice of Appeal from said judgment and on November 1, 1963 filed with the Commission their petition for rehearing of said Decision No. 34796. On November 20, 1963 the Commission denied the petition for rehearing and thereafter the Petition for Certiorari was filed with this Court.

The principal question before this Court is whether the Commission, in entering its Decision and Order No. 34796, had jurisdiction to do so.

It is the contention of the Commission that it did have jurisdiction to enter such an Order and that it is in all respects valid as provided in A.R.S. § 40–254, subd. B:

"If the commission rescinds the order complained of, the action shall be dismissed, and if the commission alters, modifies or amends the order, the altered, modified or amended order shall replace the original order complained of, and judgment shall be given thereon as though made by the commission in the first instance."

Petitioners assert that consideration was never given to the provisions of A.R.S. § 40–254, in its entirety, prior to the decision handed down in this case. This position is disputed by respondents since it is con-

tended that the case relied on by petitioners [Whitfield Transportation Co. v. Brooks, 81 Ariz. 136, 302 P.2d 526] makes no reference to A.R.S. § 40–254, subd. B and that the meaning of this section of the Code has never been determined by this court.

It is admitted that the notice contemplated in A.R.S. § 40–252 was not given but it is claimed it was not necessary since the respondent Construction Trucking Service, Inc. had been the object of the previous *Decision and Order by the Commission,* and that therefore the action of the Commission in rescinding Decision and Order No. 34236 effectively dismissed it. It is further pointed out that petitioners had commenced the original proceedings and participated in the subsequent hearing before the Superior Court. This fact, it is argued, obviated the need for notice to them.

■ *Petitioners contend, however, that* the Commission, before it can undertake action to enter a Decision and Order, as it did in this matter, must not only give notice as provided in A.R.S. § 40–252 to the corporation affected, but can rescind, alter or amend its orders and decisions only after an opportunity to be heard has been given to all persons affected. We are in agreement with this contention and hold that the respondent Commission did not observe the necessary procedural requirements. A.R.S. § 40–252 provides:

"The commission may at any time, upon notice to the corporation affected, and after opportunity to be heard as upon a complaint, rescind, alter or amend any order or decision made by it. When the order making such rescission, alteration or amendment is served upon the corporation affected, it is effective as an original order or decision. In all collateral actions or proceedings, the orders and decisions of the commission which have become final shall be conclusive."

■ It is apparent from the record that the Order and Decision made by the Commission on the 14th day of October, 1963, at the conclusion of an executive session, was made without giving proper and legal notice to petitioners as interested parties. The Commission asserts notice was given when Commissioner Buzard telephoned the attorney for petitioners at the time the hearing was conducted, informing him of the hearing and its purposes. The telephonic notice given in this case, at the very time the hearing was being held, is not the kind of notice contemplated by the statute since it would afford no opportunity to be heard.

■ Moreover, notice to interested parties, such a petitioners here, is plainly contemplated by the Commission's regula-

tions concerning service of pleadings, Admin. Procedure Act, Title 11, General Order No. P–1, Article VII, and concerning sessions of the Commission. See Admin. Procedure Act, Title 11, General Order P–1, Article I, which reads as follows:

> "Sessions of the Commission shall be held by it at such times and places as the business of the Commission shall require and after *such notice as is required by law* or determined by the Commission." (Emphasis supplied.)

It is, of course, firmly established that the law requires adequate notice of proceedings to persons whose interests are affected thereby, and requires full opportunity to be heard. We have held that the general rules and regulations of an administrative board or commission, have the effect of law and are binding on the Commission and must be followed by it so long as they are in force and effect. Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., 77 Ariz. 323, 271 P.2d 477. See also Dallas v. Arizona Corporation Commission, 86 Ariz. 345, 346 P.2d 152.

While the time of notice is a matter within the Commission's discretion, Walker v. De Concini, 86 Ariz. 143, 341 P.2d 933 (1959), it must provide an opportunity to be heard. Failure to give any notice whatever to petitioners in this matter, amounted to an abuse of discretion which cannot be sustained.

We are of the opinion that for lack of compliance with the Commission's regulations and with the requirements of law, Decision and Order No. 34796 is void.

Certiorari granted.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN and JENNINGS, JJ., concurring.