555 P.2d 677

Arthur L. HERZBERG, Appellant,

v.

Victor M. DAVID, Acting Real Estate Commissioner of the State of Arizona, Appellee.

No. 1 CA–CIV 3049.

Court of Appeals of Arizona, Division 1.

July 20, 1976.

Rehearing Denied Sept. 23, 1976.

Petition for Review Denied Oct. 26, 1976.

Berry & Herrick, P.A., by Richard S. Berry, Tempe, for appellant.

Bruce E. Babbitt, Atty. Gen., by Howard T. Roberts, Jr., Asst. Atty. Gen., Phoenix, for appellee.

OPINION

HATHAWAY, Judge.

The Real Estate Department revoked appellant's salesman's license. Appellant did not seek a rehearing as provided for by R4–28–19(N) of the Administrative Rules and Regulations of the State of Arizona Real Estate Commission, but sought superi-

or court review. The superior court granted appellee's motion to dismiss.

A.R.S. Sec. 32–2159(A) provides:

"The decision of the commissioner in denying, suspending or revoking a license or other order or decision is subject to review. The provisions of title 12, chapter 7, article 6, shall apply to and govern every action to review judicially a final decision of the commissioner." (Footnote omitted)

A.R.S. Sec. 12–901(2) (under Title 12, Chapter 7, Article 6) in pertinent part provides:

"2. 'Administrative decision' or 'decision' means any decision, order or determination of an administrative agency rendered in a case which affects the legal rights, duties or privileges of persons and which terminates the proceeding before the administrative agency. In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing or other method of administrative review, and an application for a rehearing or review is made, no administrative decision of such agency is final as to the party applying therefor until the rehearing or review is denied, or the decision on rehearing or review is rendered."

And A.R.S. Sec. 12–902(B) provides:

"Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such decision. If under the terms of the law governing procedure before an agency an administrative decision has become final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision shall not be subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter."

■ When A.R.S. Secs. 12–901(2) and 12–902(B) are read together, the legislative intent is clear. If a rehearing procedure is provided, either by statute or rule, a party aggrieved by an administrative decision must avail himself of such administrative review remedy as a condition precedent to judicial review. See *Roer v. Superior Court*, 4 Ariz.App. 46, 417 P.2d 559 (1966).

■ Rule R4–28–19(N) provides for rehearing of a decision of the Real Estate Commission. The purpose of such rehearing provision is to afford the Commission the first opportunity to correct its own mistakes, thereby eliminating or minimizing subsequent appeals and relitigation. See *Brooks v. Industrial Commission*, 24 Ariz.App. 395, 539 P.2d 199 (1975); 73 C.J.S. Public Administative Bodies and Procedure § 156a (1951).

Appellant did not avail himself of the right to administrative review and thereby the order revoking his license became final. Since he failed to make an "application for administrative review" which a Rule R4–28–19(N) rehearing is, judicial review [1] was foreclosed. A.R.S. Sec. 12–902.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).

Supplemental Opinion on Motion for Rehearing

HATHAWAY, Judge.

A motion for rehearing has been filed by the appellee, in which appellant concurred, for the purpose of calling to the court's attention prior case law in this jurisdiction which both parties feel might mandate a contrary result. We commend appellee's candor and after consideration of *Commer-*

1. Appellant did not challenge the Real Estate Commission's lack of jurisdiction.

**420**

*cial Life Ins. Co. v. Wright*, 64 Ariz. 129, 166 P.2d 943 (1946), and cases cited therein, we adhere to our original decision.

In *Commercial Life*, it was held that, absent statutory authority to grant a rehearing, a quasi-judicial tribunal has no power to revoke, annul or modify a decision. Such is not the case here, as the real estate commissioner had authority to make rules and regulations necessary to administer and enforce Title 32, Chapter 20: A.R.S. Sec. 32–2125.02 (repealed in 1975 and replaced by A.R.S. Sec. 32–2107(E). Rule R4–28–19(N) of the Administrative Rules and Regulations of the State of Arizona Real Estate Commission was thus adopted pursuant to statutory authority. Under these circumstances, the rule had the same force and effect of law. *Gibbons v. Arizona Corporation Commission*, 95 Ariz. 343, 390 P.2d 582 (1964). Therefore appellee had authority to reconsider the revocation of appellant's license and the rationale of the case law pointed out in the motion for rehearing is not apposite.

Rehearing denied.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).