569 P.2d 1363

The ARIZONA CORPORATION COM-
MISSION and Kunkle Transfer &
Storage Co., Appellants,

v.

PACIFIC MOTOR TRUCKING COMPA-
NY, a corporation, O. N. C. Freight Systems, a corporation, Reliance Truck Co.,
Cement Transporters, Inc., Pima Transportation Inc., CTI, G. L. Gibbons and
FOPA Trucking, Inc., Appellees.

No. 1 CA–CIV 3603.

Court of Appeals of Arizona,
Division 1,
Department B.

June 30, 1977.

Rehearing Denied Aug. 23, 1977.

Review Denied Sept. 27, 1977.

Shimmel, Hill, Bishop & Gruender, P. C., by Phil B. Hammond, Phoenix, for appellants.

Yankee & Bernstein by A. Michael Bernstein, Evans, Kitchel & Jenckes, P. C., by Earl H. Carroll, Lex J. Smith, Phoenix, for appellees.

## OPINION

WREN, Judge.

The Corporation Commission and Kunkle Transfer and Storage Co. appeal from a judgment in Superior Court vacating a Corporation Commission decision. The case originated in 1973 when the Commission issued a Complaint and Order to Show Cause against Kunkle alleging that Kunkle's operating authority was limited to a 25 mile radius of Phoenix. After a hearing the Commission issued its decision concluding that Kunkle's certificate contained no territorial restrictions on transporting general commodities, that for many years the Commission had done nothing to restrict Kunkle's certificate and that it would be unjust to impose such a restriction now. The Commission further concluded that allegations in the Complaint and Order to Show Cause were not supported by the evidence and that a clear and convincing public need and necessity existed for Kun-

kle's continued operation on a statewide basis. Upon rehearing, the Commission affirmed its prior decision.

Appellees filed an action in Superior Court seeking to vacate the Commission's decision. The trial court considered the record before the Commission and heard additional testimony. In his Findings of Fact and Conclusions of Law, the trial judge found that Kunkle's certificate authorized operations only within a 25 mile radius of Phoenix and that the Commission's decision was unlawful and unreasonable.

 The appellants contend that the appellees failed to sustain their burden of proof before the trial court. That burden was to show by clear and satisfactory evidence that the Commission's decision was unreasonable or unlawful. *Arizona Corporation Commission v. Reliable Transportation Company*, 86 Ariz. 363, 346 P.2d 1091 (1959). This Court's review is limited to whether there is substantial evidence in the record to support the finding of the superior court. *DGP Trucking Co. v. FOPA Trucking Co.*, 26 Ariz.App. 195, 547 P.2d 47 (1976). The trial of an appeal from a Commission decision is de novo and the trial court may hold a Commission order unreasonable on the basis of evidence presented to it even if the Commission acted reasonably in light of the evidence presented at its hearing. *Arizona Corporation Commission v. Reliable Transportation Company*, supra; See, *Sulger v. Arizona Corporation Commission*, 5 Ariz.App. 69, 423 P.2d 145 (1967).

The history behind Kunkle's certificate is that in 1944 the Commission granted an application to transfer a portion of a certificate from Chambers Moving and Storage Co. to W. O. Davis dba Davis Transportation. The operating rights transferred to Davis authorized Davis to transport general commodities and livestock within a 25 mile radius of Phoenix. The certificate issued to Davis is Certificate No. 5739 presently held by Kunkle. In 1946, this Certificate No. 5739 was transferred from Davis to Robert W. Kunkle. The transfer application contained no request to amend or enlarge the operating authority but merely to transfer Davis' rights to Kunkle. Certificate No.

5739 was transferred to Robert Kunkle authorizing operations within a 25 mile radius of Phoenix. This certificate was renewed in 1948 and still reflected the 25 mile limitation.

In 1952, Robert Kunkle transferred Certificate No. 5739 from himself to Kunkle Transfer & Storage Co. No notice was given or hearing held according to the Commission's practice at that time. Certificate No. 5739 was reissued to Kunkle Transfer & Storage Co. however the 25 mile restriction was only reflected on the transportation of livestock provision and not on the transportation of general commodities. The transfer application filed in connection with this transfer sought a name change only and sought no change or extension of rights. This certificate with no territorial restriction on general commodities had been renewed in 1958 and 1968 and at the time of trial contained a 1978 expiration date.

 Appellants rely on the principle of law that where a public officer is required as a condition precedent to the performance of an official act to do a certain thing, there is a presumption that he has done that thing. *Consolidated Motors, Inc. v. Skousen*, 56 Ariz. 481, 109 P.2d 41 (1941); compare, *Verdugo v. Industrial Commission*, 108 Ariz. 44, 492 P.2d 705 (1972). Appellants assert that this principle entitles them to the presumption that Kunkle's authority was properly extended. We find, however, that if any such presumption existed under the facts it was clearly rebutted.

There was substantial evidence from which the trial court concluded that Kunkle's authority was never extended beyond a 25 mile radius of Phoenix. In determining the validity of a certificate, the court must go behind the grant of authority on the face of the certificate and examine the application and order upon which any certificate necessarily rests. *Pacific Greyhound Lines v. Sun Valley Bus Lines*, 70 Ariz. 65, 216 P.2d 404 (1950). The Corporation Commission's file contained no record of any application for extended authority other than a 1948 application for household goods authority which was withdrawn. Further, the Director of the Motor Carrier

Division of the Commission testified before the superior court that she examined all original orders entered by the Commission from January 1, 1946 until December 31, 1952 and no order had issued in that period extending Kunkle's operating authority. Finally, Robert Kunkle testified at trial:

"Q. Mr. Kunkle, to your recollection, was there any other application filed by you for the expansion of that authority from 1946 until it was sold to Mr. Ringle?

"A. Not that I recall."

The evidence before the trial judge sustains his findings that the original authority of Certificate No. 5739 was limited to a 25 mile radius of Phoenix and was never amended by order of the Commission. Kunkle therefore had no authority to operate on a statewide basis and the Commission's decision had to be set aside. A certificate is valid only if supported by an order of the Commission. *Pacific Greyhound Lines v. Sun Valley Bus Lines*, supra. Appellees met their burden of proof by showing that the Commission's decision was unlawful and unreasonable.

Judgment affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.