756 P.2d 934

**Barbara BOYCE, Petitioner–Appellant,**

v.

**CITY OF SCOTTSDALE, a political subdivision of the State of Arizona; Board of Adjustment of the City of Scottsdale; and Ann Arthur, Joyce Hall, Matt Ringer, Lloyd H. Robertson, William Crawford, Norval Tyler, David Van Ness, as members of and constituting the Board of Adjustment of the City of Scottsdale, Respondents–Appellees.**

**No. 1 CA–CIV 9471.**

Court of Appeals of Arizona, Division 1, Department D.

May 19, 1988.

Sacks, Tierney & Kasen by Leslie A. McCarthy, David L. Keily, Paul G. Johnson, Phoenix, for petitioner-appellant.

Richard Filler, Acting Scottsdale City Atty. by Fredda J. Bisman, Asst. City Atty., Scottsdale, for respondents-appellees.

OPINION

ALAN MATHESON, Judge Pro Tem.

The sole issue considered in this appeal is whether the trial court erred in concluding it had no jurisdiction to review rulings of Scottsdale's Board of Adjustment.

Appellant Barbara Boyce (Boyce) is the owner of a single-family residence located at 7248 East Wilshire in Scottsdale, Arizona. The property is zoned R1–7, which requires a minimum front yard setback of 20 feet pursuant to the Scottsdale City Ordinance.

In January, 1986, Boyce applied for and received a building permit from the city to construct an addition of two bathrooms to her house. After construction of the bath-

rooms was well underway, a city zoning inspector visited the property and discovered that the addition violated the city's front yard setback requirements by a measurement of six feet six inches. Boyce was ordered to stop construction until a zoning variance could be obtained.

Boyce applied to the Scottsdale Board of Adjustment for a variance to permit a modification of the required setback. When her request came before the board for hearing on May 21, 1986, the board denied the application.

Boyce filed a request for reconsideration of the board's denial of the variance within fourteen days after its decision in accordance with § 901(C) of the board's rules of procedure, which provides for a rehearing procedure. City of Scottsdale Board of Adjustment, Rules of Procedure (1981). Section 901(C) also provides that when a request for rehearing is filed, each board member shall be polled by the secretary of the board within seven days on the question of whether to grant review, with four votes necessary for approval. In ruling on the request for rehearing, the board did not follow these requirements. The members were not polled until the board met on July 16, 1986, and only the five members present of the seven-member board were polled. Three of the five voted to rehear the case, but, since a fourth vote for rehearing was lacking, Boyce's request for rehearing was denied.

The city wrote a letter to Boyce on July 17, 1986, advising her that she had 30 days from July 16, 1986, to seek review in the superior court. A.R.S. § 9–462.06(J) provides that a person aggrieved by a decision of a board of adjustment may seek review in the superior court by filing a complaint for special action within 30 days after the board's decision. On August 15, 1986, Boyce filed a complaint for special action in the superior court requesting relief from the board's denial of her request for reconsideration. Thus, Boyce's complaint was filed within 30 days from the denial of the motion for reconsideration but not within 30 days from the date of the board's original decision denying the variance.

The city filed a motion to dismiss the complaint for special action for lack of jurisdiction, arguing that the board had no authority to reconsider its decision and that the complaint must have been filed within 30 days from the board's original decision to deny the request for variance. The trial court dismissed the petition on the grounds that the application for review to the superior court had been untimely filed, and therefore, it had no jurisdiction to consider the merits.

In deciding whether the trial court ruled correctly, the issues to be determined are (1) whether A.R.S. § 9–462.06, the statute governing municipal boards of adjustment, grants authority to the board to rehear a matter decided previously and, (2) whether, even if a board has authority to rehear a matter previously decided, a timely request for rehearing extends the time to file a complaint for special action in superior court.

It is undisputed that Scottsdale's Board of Adjustment had promulgated Rule 901 allowing reconsideration of its decisions and providing a procedure by which an aggrieved party could request reconsideration. Boyce argues that since the board provided a means for further review, the doctrine of exhaustion of administrative remedies required her to seek reconsideration from the board before turning to the superior court for relief. See, e.g., Campbell v. Chatwin, 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967); Foremost Life Ins. Co. v. Trimble, 119 Ariz. 222, 224, 580 P.2d 360, 362 (App.1978). Her argument is premature, however, because if the board in fact had no authority to reconsider, any administrative remedies were exhausted with the board's initial denial.

Nowhere in A.R.S. § 9–462.06 is there any express authority for a board to reconsider its decision. The statute provides for the establishment of a board, identifies the matters over which the board shall have jurisdiction, and specifies review of the board's decision by the superior court. Subsection (J) states in relevant part:

A person aggrieved by a decision of the board ... may, at any time within

thirty days after the board has rendered its decision, file a complaint for special action in the superior court to review the board's decision.

The city argues that, under the circumstances, the board had no jurisdiction to consider a rehearing of the case despite the adoption of rules setting forth a rehearing procedure.

Since the early days of statehood, it has been firmly established in Arizona that inferior tribunals acting judicially have no powers other than those given them by the legislature. For example, in *State v. Bd. of Supervisors*, 14 Ariz. 222, 127 P. 727 (1912), the Arizona Supreme Court addressed the power of a county board of supervisors, sitting as a board of equalization, to reassess an earlier tax assessment. The court held the following:

> Boards of equalization are *quasi* judicial bodies, but inferior in their nature, and, in the exercise of the powers granted them by law, they must scrupulously limit their acts to doing those things that the law directly empowers them to do. They may not revoke, set aside, modify, or annul an order or decision of their own without the law grants [sic] them that right.

*Id.* at 228, 127 P. at 730. *See also Hunt v. Schilling*, 27 Ariz. 1, 229 P. 99 (1924) (land department held to be judicial body of limited jurisdiction, governed by the statute that created it and without power to vacate its decision).

In *Magma Copper Co. v. Arizona State Tax Comm'n*, 67 Ariz. 77, 191 P.2d 169 (1948), the question for the court was whether the Arizona State Tax Commission, which had been granted power to make tax assessments, also had the power to correct a previous decision. The court identified no supporting intent in the language of the applicable statute either express or implied. Rather, it found that the legislature, in enacting the Income Tax Act

of 1933, was so meticulous in detailing the powers and duties of the commission and the procedures to be followed in the administering and enforcing of the income tax law, there could be no doubt as to the extent of the powers granted. 67 Ariz. at 85, 191 P.2d at 174. The court further stated that since the legislature provided for appeal from the decision of the commission, the rendering of a decision exhausted the jurisdiction of the commission, and appeal to the court was an aggrieved party's exclusive remedy. *Id.* at 86, 191 P.2d at 175.

The rule that the powers and duties of administrative agencies and other inferior tribunals are strictly limited by the statute creating them continues to the present time as the rule of law in Arizona. In the recent case of *Arkules v. Board of Adjustment*, 151 Ariz. 438, 728 P.2d 657 (App. 1986), Division 2 of this court summarized the rule and noted its application to boards of adjustment. The court stated the following:

> The Board of Adjustment derives its powers from A.R.S. § 9–462.06, the statute under which it is created.... Courts have uniformly held that a board of adjustment has no powers except those granted by the statutes creating it; its power is restricted to that granted by the zoning ordinance in accordance with the statute. The board must act in accordance with the law or it is without jurisdiction.
>
> Courts have termed any decision made by a board of adjustment beyond these restrictive powers as ultra vires and void, a nullity and of no force and effect, and legally meaningless.
>
> It is well settled in Arizona that the powers and duties of an administrative agency are measured and limited by the statute creating it.

151 Ariz. at 439–40, 728 P.2d at 658–59 (citations omitted).[1]

1. In *Arkules,* the court concluded that the applicant was not bound by the 30–day time limit of A.R.S. § 9–462.06(J) for requiring special action review from the superior court. Because the board lacked jurisdiction to do what it did, the court found the board's decision to be void and noted that statutes of limitations do not apply to void judgments. Boyce is not seeking to have the board's decision to deny her a variance declared void. She argues only that the deci-

The *Arkules* case deals with a departure from a specific provision of the statute. The city urges that this authority requires the court to find that the Scottsale board's authority ended when it denied the variance and that, therefore, filing a complaint for special action in the superior court within 30 days from that ruling was Boyce's exclusive remedy. Further, the city cites *Magma* as controlling.

A critical distinction exists, however, between the statute considered in *Magma* and the one relevant to this case. The former meticulously details the powers and duties of the tax commission and the procedures to be followed. 67 Ariz. at 85, 191 P.2d at 174. On the other hand, A.R.S. § 9–462.06, merely outlines the powers and duties of the board of adjustment and, importantly, authorizes the board to fill in the details by granting authority to "adopt all rules and procedures necessary or convenient for the conduct of its business." A.R.S. § 9–462.06(C). Thus, another well-settled principle of administrative law that tempers the narrow construction of delegation to administrative agencies applies. When authorized to do so by the legislature, administrative bodies may make supplementary rules for the complete operation and enforcement of legislation. These rules are within the standards set forth in the legislative act. *Haggard v. Industrial Comm'n*, 71 Ariz. 91, 100, 223 P.2d 915, 921–22 (1950). We conclude, therefore, that in granting specific authority to adopt rules and procedures, the legislature bestowed upon the Scottsdale board the power to provide for reconsideration of its decisions.

In *Ayala v. Hill*, 136 Ariz. 88, 664 P.2d 238 (App.1983), this court was asked to decide whether the Maricopa County Law Enforcement Officers' Merit System Commission had authority to rehear and redecide a disciplinary action previously ruled upon by the commission. The relevant statute granted a right of judicial review of the commission's decision, but did not directly address rehearing. We found, however, that since A.R.S. § 38–1003(5) provided for the commission to "[a]dopt such rules and regulations as may be necessary for the orderly administration of the provisions of this title," the commission had the authority to adopt a rule providing for rehearing. The opinion stated that a properly promulgated rule, permitted by § 38–1003(5), would have authorized the commission's rehearing action. 136 Arizona at 92, 664 P.2d at 242.

A similar decision was reached in *Herzberg v. David*, 27 Ariz.App. 418, 420, 555 P.2d 677, 678 (1976). In response to a motion for rehearing, Division 2 of this court held that the Arizona Real Estate Commission had authority to reconsider its previous decisions due to a statutory grant of authority "to make rules and regulations necessary to administer and enforce Title 32, Chapter 20: A.R.S. § 32–2125.02 (repealed in 1975 and replaced by A.R.S. § 32–2107(E))." 27 Ariz.App. at 420, 555 P.2d at 678. The commission had adopted a rule providing for reconsideration, and the court found that under these circumstances the rule had the force and effect of law.

On the issue of the Scottsdale board's authority to reconsider its decisions, we find that the present case is squarely within the holdings of *Ayala* and *Herzberg*. The legislature's grant of rule-making power to the board in A.R.S. § 9–462.06 includes the power to adopt rehearing procedures. The Scottsdale Board of Adjustment did, in fact, adopt a rule setting forth the procedure for allowing reconsideration of its decisions exercising the authority given.

Our conclusion that the board had authority to consider Boyce's timely request for reconsideration does not entitle Boyce to judicial review of the board's original decision to deny the variance, however, unless we decide that the filing of the request for reconsideration tolled the limitation period for seeking judicial review provided in

sion is erroneous and unsupported by the evidence. Therefore, this portion of *Arkules* does

not apply.

A.R.S. § 9–462.06(J). Both the statute and the board's rules and regulations are silent on this issue.

■ A.R.S. § 12–901(2) of the Administrative Review Act accomplishes this result by expressly providing that where a statute or rule of an agency requires or permits an application for a rehearing, and an application is made, no decision of the agency is final as to the parties seeking rehearing until the rehearing is denied or a decision on rehearing is rendered. However, the Administrative Review Act is not applicable to decisions rendered by political subdivisions, municipal corporations, or agencies thereof. A.R.S. § 12–901(1); *see also McClanahan v. Cochise College*, 25 Ariz. App. 13, 15, 540 P.2d 744, 746 (1975). Clearly, Scottsdale's Board of Adjustment is an agency of the City of Scottsdale, a municipal corporation. Therefore, other authorities must be examined to determine whether the time for seeking judicial review under A.R.S. § 9–462.06(J) was tolled when Boyce requested rehearing.

There is authority against permitting tolling under circumstances similar to those of appellants. In *Buck v. Zoning Bd. of Appeals*, 90 App.Div.2d 582, 456 N.Y.S.2d 130 (1982), a New York court said that "the making and denial of an application to reconsider an administrative determination does not extend the time limitation within which to seek judicial review." Other court cases have held that the time provisions for seeking judicial review must be strictly followed. *See, e.g., Kravitz v. Zoning Bd. of Adjustment*, 415 Pa. 97, 202 A.2d 64 (1964); *Ballman v. Duffecy*, 230 Ind. 220, 102 N.E.2d 646 (1952); *Maryland Clothing Mfg. v. City of Baltimore*, 207 Md. 165, 113 A.2d 743, 744 (App.1955).

■ Many of the cases cited by the city do not address the precise issue raised in this case, *i.e.*, whether a timely request for rehearing before an agency with authority to reconsider its decision suspends the time for seeking judicial review. Moreover, even though there is a minority view to the contrary, we believe the majority and better reasoned approach favors tolling. As was noted by the Federal Court of Appeals for the Seventh Circuit in *Arch Mineral Corp. v. Office of Workers' Comp. Programs*, 798 F.2d 215, 218 (7th Cir.1986), a "clear majority of [federal] cases involving appellate review of administrative decisions hold that, where the applicable statute and administrative regulations are silent, the filing of a motion for reconsideration suspends the time for filing a [request for review to the courts.]" Many state courts have reached this same conclusion. *See, e.g., Longwell v. Hodge*, 297 S.E.2d 820 (W.Va.1982); *McPherson v. Zoning Bd. of Appeals*, 67 Hawaii 603, 699 P.2d 26 (1985); *Henry v. Department of Labor*, 293 A.2d 578 (Del.Super.Ct.1972).

The main rationale for allowing a tolling of the statute of limitations when a timely request for rehearing has been made rests on a notion of judicial economy. The time and resources of the courts are wasted by burdening them with objections to administrative actions that may be obviated upon reconsideration. *Arch Mineral*, 798 F.2d at 219. Although the statute of limitations serves a valid and important purpose in giving finality to an administrative ruling, this purpose is not unreasonably compromised in circumstances of this case. Since the board's rules provide a very short time period within which rehearing must be requested, judicial review would not be delayed unreasonably.

We find that Boyce's timely request for rehearing by the board tolled the time limitations for seeking judicial review set forth in A.R.S. § 9–462.06(J). Since she filed her complaint for special action within 30 days after the board's denial of her request for rehearing, she was entitled to judicial review of the board's decision.

As a final matter, both parties have addressed the merits of the board's rulings. Boyce asks this court to find that the board erred in denying her request for a variance and in denying her request for a rehearing.

We cannot consider these issues. Our jurisdiction is limited to "reviewing" the superior court's ruling on the special action that was initiated in that court. Where the superior court did not reach the merits of the case, having determined it lacked juris-

diction, there is no trial court determination for the appellate court to review other than on the issue of jurisdiction. *Bilagody v. Thorneycroft,* 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979).

In this case the superior court clearly limited its determination to the issue of jurisdiction. Therefore, having concluded that the court erred in denying jurisdiction to consider Boyce's petition for special action, we remand the case to the superior court for review of the merits of the board's denial of Boyce's request for variance and its denial of her request for rehearing.

Reversed and remanded.

FROEB, P.J., and CONTRERAS, J., concur.

NOTE: ALAN MATHESON was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3 and A.R.S. §§ 12–145–47.