845 P.2d 1125

**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, a Delaware corporation, Plaintiff–Appellee,**

v.

**ARIZONA CORPORATION COMMISSION, Defendant–Appellant.**

**No. 1 CA–CV 90–403.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 17, 1992.

Reconsideration Denied Oct. 22, 1992.

Review Denied March 2, 1993.

Fennemore Craig by F. Pendleton Gaines, III, William L. Thorpe and Michelle Mills, Phoenix, for plaintiff-appellee.

Arizona Corp. Com'n by Cynthia J. Haglin, Peter Breen and Janice M. Alward, Phoenix, for defendant-appellant.

OPINION

LANKFORD, Judge.

The Arizona Corporation Commission (Commission) appeals from the superior court's entry of summary judgment in favor of Southern Pacific Transportation Company (Southern Pacific). The Commission contends that the trial court erred in vacating the Commission's order fining Southern Pacific for failure to comply with the terms of a Commission decision.

The issue on appeal is whether the superior court erred in vacating the Commission's order fining Southern Pacific for failure to comply with a Commission decision on the ground that the decision was void for lack of jurisdiction. Our review is of the superior court's decision, not the Commission's. *Tucson Elec. Power Co. v. Arizona Corp. Comm'n*, 132 Ariz. 240, 244, 645 P.2d 231, 235 (1982). The party seeking to vacate any order of the Commission bears the burden of proving by clear and satisfactory evidence that it is unlawful. A.R.S. § 40–254(E). We will uphold the judgment in this case if there is substantial evidence in the record to support the finding of the superior court. *Arizona Corporation Comm'n v. Pacific Motor Trucking Co.*, 116 Ariz. 465, 467, 569 P.2d 1363, 1365 (App.1977). We find no error and affirm the superior court's judgment.

I.

This appeal is brought pursuant to Ariz. Rev.Stat.Ann. ("A.R.S.") § 40–254, which

authorizes our review of the superior court's judgment vacating the Commission's order, which fined Southern Pacific $3,000. The Commission's order fined the railroad for its failure to comply with an earlier decision of the Commission. The earlier decision required Southern Pacific to upgrade a railroad crossing in Avondale, Arizona by July 1, 1987.

The following events led to the Commission's order fining the railroad. In February 1987, the Arizona Department of Transportation (ADOT), acting on behalf of the City of Avondale, entered into an agreement with Southern Pacific regarding the installation of automatic signal gates at a railroad crossing in Avondale, Arizona. The agreement provided for a one-year completion deadline commencing on the date of authorization of the agreement between ADOT and Southern Pacific. ADOT submitted a copy of this agreement to the Commission for its approval.

Subsequently, the Commission's staff sent to Southern Pacific a copy of a proposed order regarding the installation of warning signals and gates at the Avondale crossing. In addition, the Commission sent notice of a special working meeting at which it would consider the order. The notice of this meeting requested, but did not require, the parties to attend.

The Commission amended the proposed order and then adopted it. The Commission established a much earlier completion date for the installation of the upgraded warning gates at the Avondale crossing than was provided in the agreement. The new completion date selected by the Commission was July 1, 1987. The Commission concedes that it did not hold a public hearing prior to issuing its decision.

The crossing was not upgraded by July 1. The Commission then issued an order to show cause why Southern Pacific had not complied with the completion date. The Commission conducted a public hearing on the order to show cause. Following the hearing, the Commission issued a decision fining Southern Pacific $3,000 for its failure to comply with the completion date fixed in the Commission's first order.

Southern Pacific filed a complaint in superior court for a review of this second decision and the fine imposed. The railroad argued that the Commission had acted without jurisdiction in issuing its first decision. Therefore, the Commission lacked the power to fine Southern Pacific for failure to comply with the first, void decision.

After the parties filed cross-motions for summary judgment in superior court, the superior court judge found, as a matter of law, that the first decision was void for lack of jurisdiction. The court further found that the second decision was void because it was based on the earlier void decision. The superior court vacated the second decision and the fine it had imposed. The Commission timely appealed.

## II.

The threshold issue on this appeal is whether the Commission's first decision establishing the July 1 completion date was void. If the first decision was void, then its second decision, fining Southern Pacific for failure to comply with the first decision, was also void.

The Commission concededly has the authority to require Southern Pacific to install safety devices. A.R.S. § 40-337(B)(1). The Commission has the exclusive power to "determine and prescribe the manner ... and the terms of installation, operation, maintenance, use and protection of [railway] crossings." *Id.*

However, the statute authorizing the Commission to order the installation of automatic warning signals requires that a public hearing first be held:

> The Commission may determine, *after a public hearing*, whether any particular crossing of a railroad and a public highway or street is sufficiently hazardous as to require the installation of automatic warning signals or devices at such cross-

ing, *provided, that a public hearing shall not be required if the parties in interest have entered into an agreement for the construction of such crossing and for the apportionment between them of the cost....*

A.R.S. § 40–337.01(A) (added 1959 Ariz. Sess.Laws, Ch. 128 at 257, amended 1969 Ariz.Sess.Laws, Ch. 57 at 126–27) (emphasis added).

The exception to the hearing requirement, as indicated in the quoted language, is an agreement. No hearing is required when "the parties in interest" have agreed on the construction and the allocation of construction costs.

The parties concede that Southern Pacific had entered into a written agreement with ADOT, on behalf of the City of Avondale, for construction of the crossing and the apportionment of the cost. Southern Pacific argues, however, that it is bound only by that agreement, which contained a one-year completion date. Southern Pacific argues that the Commission was without jurisdiction to advance the completion date without first holding a public hearing.

We agree with Southern Pacific and the superior court that the Commission was required to hold a hearing. In the absence of an agreement between the parties as to all material terms regarding the construction of the upgraded facility and the allocation of the cost, a hearing is required. *See* A.R.S. § 40–337.01(A). We also agree that, lacking an agreement, the failure to hold a hearing is a jurisdictional defect that voids both the first decision and the second decision based on the first decision. *See Gibbons v. Arizona Corp. Comm'n,* 95 Ariz. 343, 346–347, 390 P.2d 582, 585 (1964); *cf. Tucson Warehouse and Transfer Co. v. Al's Transfer,* 77 Ariz. 323, 325, 271 P.2d 477, 478 (1954) (a Commission decision which goes beyond its power as prescribed by constitution and statutes is vulnerable for lack of jurisdiction).

Numerous Arizona cases have held that the Commission lacks jurisdiction to enter an order when it has failed to follow necessary procedural requirements, and that the jurisdictional defect renders the Commission's order void rather than voidable. *See, e.g., Gibbons v. Arizona Corp. Comm'n,* 95 Ariz. 343, 346–347, 390 P.2d 582, 585 (1964). *See also Arizona Corp. Comm'n v. Pacific Motor Trucking Co.,* 97 Ariz. 157, 160, 398 P.2d 114, 117 (1964) (Commission without jurisdiction to terminate certificate of convenience and necessity); *Application of Trico Elec. Coop. Inc.,* 92 Ariz. 373, 380, 377 P.2d 309, 314 (1962) (Commission exceeded its jurisdiction by expanding Tucson Electric's service area in absence of a hearing). If the Commission fails to hold a statutorily-required hearing, the order entered is void. *Southern Pac. v. Arizona Corp. Comm'n,* 98 Ariz. 339, 348, 404 P.2d 692, 698 (1965).

■ Although a Southern Pacific representative may have indicated to the Commission that the railroad would meet the July 1 completion date, it cannot be bound by that assurance because no valid order fixing the completion date was entered. Moreover, the agreement required by statute was between Southern Pacific and ADOT. The change of a material term of the agreement required the consent of ADOT as well.

■ If the Commission desires to unilaterally change a material term of the agreement, then it must hold a public hearing. Contrary to the Commission's contention, the statute simply does not require Southern Pacific to request a hearing. Rather, the statute mandates that the Commission conduct a public hearing absent an agreement of all interested parties. *See* A.R.S. § 40–337.01(A).

This interpretation of the statute makes perfect sense. The legislature apparently did not intend to require the Commission to hold an unnecessary hearing when the concerned parties had already agreed to install safety equipment at a crossing. Conversely, where no agreement had been reached, a hearing is necessary to avoid an ill-in-

formed decision by the Commission made before it has gathered relevant information and before it has heard the views of the interested parties.

The Commission argues that the superior court improperly entered judgment as a matter of law because a disputed issue of material fact existed: whether or not Southern Pacific had notice of or approved of the change in completion date. However, this is not a material fact which precludes summary judgment. The material issues of fact are: (1) whether an agreement existed between Southern Pacific and ADOT on all material terms; and (2) absent such an agreement, whether the commission held a public hearing. These material facts were undisputed and fully justified the superior court's entry of summary judgment.

For the foregoing reasons, we affirm the judgment of the superior court.

GRANT, P.J., and TOCI, J., concur.