IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HELEN HOUSER, et al., *Plaintiffs/Appellants*,

*v.*

CITY OF PHOENIX, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0173
FILED 4-9-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-052464
The Honorable Bruce R. Cohen, Judge

**REVERSED AND REMANDED**

COUNSEL

Joshua Carden Law Firm, PC, Scottsdale
By Joshua W. Carden
*Counsel for Plaintiffs/Appellants*

Wilenchik & Bartness, PC, Phoenix
By Dennis I. Wilenchik, John D. Wilenchik, Christopher A. Meyers,
Ross P. Meyer
*Counsel for Defendants/Appellees 64 Alpha and Mitchell Song*

## OPINION

Chief Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

**S W A N N**, Chief Judge:

¶1        A.R.S. § 9-462.06(K) entitles a party to judicial review of a municipal Board of Adjustment's decision if the party files a complaint for special action in the superior court "within thirty days after the [B]oard . . . has rendered its decision." Here, as permitted by the relevant Board's rules, the appellants asked the Board to reconsider a decision made at its April 2018 meeting. The Board effectively denied the request at its next meeting in May 2018 when no Board member moved for a vote on the matter. The appellants then filed a complaint in the superior court under § 9-462.06(K). The court dismissed the complaint because though it was filed within thirty days of the May meeting, it was not filed within thirty days of the April meeting. We reverse and remand. We hold that the appellants had thirty days to file from the conclusion of the reconsideration procedure.

## FACTS AND PROCEDURAL HISTORY

¶2        A property owner applied to the City of Phoenix for a permit and zoning variances to allow a medical marijuana dispensary on the property. Numerous neighbors objected, including the appellants. At its April 5, 2018 meeting, the Board of Adjustment overturned the Zoning Administrator's decision denying the application and approved the permit and variances. On April 30, the appellants requested that the Board reconsider its decision based on manifest error. The Board next met on May 3. It documented the request for reconsideration in the minutes of that meeting but noted: "No motion to reconsider was made [by a Board member]; previous BOA decision stands." On May 31, the appellants filed a special action in the superior court under A.R.S. § 9-462.06.

¶3        The property owner moved to dismiss the special action, arguing that the court lacked subject matter jurisdiction under § 9-462.06(K) because the appellants filed their complaint more than thirty days after the Board's April 5 decision. The appellants responded that the complaint was

timely because they filed it within thirty days of the Board's effective denial of their request for reconsideration on May 3.

¶4 The superior court granted the motion to dismiss, concluding that the statutory review period began to run on April 5.

## DISCUSSION

¶5 Section 9-462.06 does not address requests for reconsideration. But the Phoenix Board, under its authority to "adopt all rules and procedures necessary or convenient for the conduct of its business," A.R.S. § 9-462.06(C), has established the following procedures. After the Board renders a decision on review of a Zoning Administrator's action, a person or entity may request that the Board reconsider. City of Phoenix Board of Adjustment Rules of Procedure ("Board Rules") § V. The Board will be presented with and will "consider the request for reconsideration" so long as it is made more than 48 hours before the next regular meeting, typically held on the first Thursday of the month. Board Rules §§ II, V. At the meeting, any Board member who previously voted on the prevailing side may make a "motion to reconsider." Board Rules § V. Upon such motion, the Board will vote whether to refuse or approve reconsideration. *Id.* As set forth in the City zoning ordinances, "[a]n appeal may be reheard only when there has been a manifest error affecting the Board's action." City of Phoenix Zoning Ordinances ("Zoning Ordinances") § 303(C)(3); *see also* Board Rules § V.

¶6 Nothing in the foregoing *requires* a party to seek reconsideration before petitioning for judicial review. *Cf. Sw. Paint & Varnish Co. v. Ariz. Dep't of Envtl. Quality*, 194 Ariz. 22, 24–25, ¶¶ 13–18 (1999) (holding that previous version of A.R.S. § 41-1062(B) and applicable agency rules permitted but did not require agency reconsideration as prerequisite for judicial review). And the statute is silent on the effect of such a procedure. Here, the property owner contends that when an aggrieved party may but is not required to ask for reconsideration, the agency's original decision is "as final as the judgments of a court." *See id.* at 25, ¶¶ 16–17. But all that means is that a party may elect to proceed directly to judicial review. It does not mean that a party who seeks reconsideration cannot wait for the Board to act on a motion for reconsideration before seeking judicial review. This is not a novel concept. For example, although a civil judgment is final and subject to appeal, optional post-judgment motions may extend the appeal deadline. *See id.* at ¶ 17 (noting that "motions for new trial in the superior court are not a prerequisite to an appeal to the court of appeals, and a motion for

reconsideration in the court of appeals is not a prerequisite to a petition for review in [the supreme] court"); ARCAP 9(e) (providing that certain permissive post-judgment motions made in the superior court will extend the deadline to appeal to the court of appeals); *see also* ARCAP 22(a), 23(b)(2) (providing that permissive motion for reconsideration made in the court of appeals will extend the deadline to petition for review to the supreme court).

¶7	The property owner points out that under the civil rules, motions for reconsideration do not extend the deadline to appeal to this court. *See* Ariz. R. Civ. P. 7.1(e)(3). The civil rules, however, are of limited utility here. *See Arch Mineral Corp. v. Director, Office of Workers' Comp. Programs*, 798 F.2d 215, 216, 218 (7th Cir. 1986) (holding that federal civil and appellate rules are "suggestive" but "do not govern" the effect of reconsideration proceedings on the time to petition for judicial review of federal Benefits Review Board's decision, and concluding that "closer analogies are to be found in cases involving appellate review of decisions of agencies other than the one before us"). Further, to the extent the rules are instructive, we note that motions for new trial do extend the appeal deadline, ARCAP 9(e), and such motions may claim relief on grounds that would satisfy the "manifest error" standard that the Board must apply to rehear a matter, *compare* Ariz. R. Civ. P. 59(a)(1)(H) (new trial may be granted if judgment is unsupported by the evidence or contrary to the law) *with Austin Shea (Ariz.) 7th St. & Van Buren, L.L.C. v. City of Phoenix*, 213 Ariz. 385, 391, ¶ 26 (holding that "manifest error" in Zoning Ordinances § 303(C)(3) includes "error[s] of law, fact, perception, consideration, reasoning, judgment, [or] procedure"). We also note that motions for reconsideration do extend the deadline to petition the supreme court to review a decision of the court of appeals. *See* ARCAP 23(b)(2).

¶8	Other courts addressing this issue "have moved toward a uniform rule that in the absence of a statute providing otherwise, the finality of an agency's decision is suspended by the filing of a reconsideration motion or petition before the agency[,] . . . even when agency rules are silent on the question." Federal Court of Appeals Manual § 17:10 (6th ed. 2019) (recognizing federal-court trend); *Boyce v. City of Scottsdale*, 157 Ariz. 265, 269 (App. 1988) (stating that "[m]any state courts" use the same rule). The United States Supreme Court has held that unless Congress expressly states otherwise:

> The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review. In consequence, pendency of reconsideration renders the

underlying decision not yet final, and it is implicit in the tolling rule that a party who has sought rehearing cannot seek judicial review until the rehearing has concluded.

*Stone v. I.N.S.*, 514 U.S. 386, 392 (1995) (citing *Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270 (1987)).

¶9 We applied the majority rule in *Boyce v. City of Scottsdale*, 157 Ariz. at 269. In that case, a homeowner requested that the City of Scottsdale's Board of Adjustment reconsider its decision denying her variance application. *Id.* at 265–66. The Board's rules required it to vote on the request. *Id.* at 266. Though the Board did not comply with the requirement that all its members vote, it denied the request after some members were polled, and the City advised the homeowner that she had thirty days from the date of the reconsideration denial to seek judicial relief. *Id.* The homeowner petitioned the superior court for special action within thirty days of the Board's reconsideration decision but more than thirty days after its original decision. *Id.* We held that the superior court had jurisdiction to consider the special action. *See id.* at 265, 270. Noting § 9-462.06 and the failure of the Board's rules to address the issue, we held that a tolling rule promotes judicial economy. *Id.* at 268–69. We also explained that judicial review was not unreasonably delayed in view of the Board's rule limiting the period to seek reconsideration to fourteen days. *See id.* at 266, 269.

¶10 The property owner contends that *Boyce* is distinguishable. First, the property owner contends that here, unlike in *Boyce*, the Board "took no action" at the May 3 meeting because its rules did not require it to vote and it did not vote. To be sure, in our case the Board's rule did not require it to take a vote. But the rules did require the Board "to *consider* the request for reconsideration" and to take a vote if the result of that consideration was that a qualifying member moved for a vote. Board Rules § V (emphasis added). Under this scheme, it is simply incorrect to characterize the failure of a member to move for a vote on the motion for reconsideration as "inaction." There can be no doubt that the Board effectively denied the motion for reconsideration when the motion died without a single member asking for a vote.[1] The property owner next

---

[1] The parties agree that a change in the Board's composition between April and May (at the last minute, according to the appellants) left the Board without any members qualified to make a motion to reconsider. But the minutes of the May meeting reflect that notwithstanding any

contends that here, unlike in *Boyce*, the City did not inform the appellants that they had thirty days from the May 3 meeting to petition for judicial review. But our holding in *Boyce* did not depend even in part on that fact. *See* 157 Ariz. at 269. *Boyce* and the instant case are substantially similar. Like *Boyce*, the case before us involves the Board's denial of a request to reconsider submitted within a reasonable time after the original decision.

¶11 We reject the property owner's argument that *Boyce* was implicitly overruled by *Legacy Foundation Action Fund v. Citizens Clean Elections Commission*, 243 Ariz. 404 (2018). *Legacy Foundation* is inapposite. In that case, the Citizens Clean Elections Commission assessed a penalty against a policy organization and the organization requested administrative review. *Id.* at 405, ¶ 3. Though the administrative law judge concluded that the Commission lacked statutory authority to assess the penalty, the Commission rejected the judge's recommendation, affirmed the penalty order, and issued a final administrative decision. *Id.* Eighteen days later, the policy organization appealed to the superior court under A.R.S. § 16-957(B), arguing that the Commission lacked jurisdiction. *Id.* at ¶ 4. The superior court dismissed the appeal because it was not filed within the period prescribed by § 16-957(B): "fourteen days from the date of issuance of the order assessing the penalty." *Id.* at 405–06, ¶¶ 4, 7. Affirming on review, the supreme court held that the deadline set forth in § 16-957(B) — as opposed to the more generous deadline established by the Administrative Review Act — governed and the fact that the policy organization challenged jurisdiction did not excuse compliance with the deadline. *Id.* at 405–08, ¶¶ 7–19. The supreme court did not address *Boyce* or even mention the effect of reconsideration procedures. *See id.* at ¶¶ 4– 19. The property owner points out that *Boyce* referred to § 9-462.06 as a statute of limitation, *see*, *e.g.*, 157 Ariz. at 269, whereas *Legacy Foundation* clarified that statutes permitting direct appeals of agency decisions "are not statutes of limitations but rather confer limited appellate jurisdiction subject to timely action by the appealing party." 243 Ariz. at 408, ¶ 17. For our purposes, however, this is a distinction without a difference.

¶12 We acknowledge that § 9-462.06(K) and Zoning Ordinances § 303(C)(4) contemplate that unspecified "proceedings on the decision sought to be reviewed" may continue while a special action is pending in the superior court: "Filing the complaint does not stay proceedings on the decision sought to be reviewed, but the court may, on application, grant a stay . . . ." But the possibility that "proceedings" — which could mean legal

procedural issues created by the Board's personnel changes, the request to reconsider was raised at the meeting.

proceedings or conduct undertaken pursuant to legal decisions—may proceed at the same time as judicial review does not equate to a statement of legislative intent that agency reconsideration and judicial review *must* be concurrent, a rule that, as *Boyce* observed, would undermine judicial economy.

¶13　　　In sum, we see no reason to depart from the majority rule. Applying that rule, we conclude that under § 9-462.06, the appellants had thirty days from the Board's May 3 meeting to file their petition in the superior court. Because they filed within that period, the superior court had jurisdiction. The dismissal was error.

## CONCLUSION

¶14　　　We reverse the superior court's order dismissing the appellants' special action, and we remand for further proceedings. We deny the parties' competing requests for attorney's fees as premature. *See* A.R.S. § 12-348(A)(2) (providing that "a court shall award fees and other expenses to any [private] party . . . that prevails by an adjudication on the merits in . . . [a] court proceeding to review a state agency decision pursuant to . . . any . . . statute authorizing judicial review of agency, city, town or county decisions"); *Scottsdale Healthcare, Inc. v. Ariz. Health Care Cost Containment Sys.*, 206 Ariz. 1, 8–9, ¶ 29 (2003) (holding that award of fees under § 12-348(A)(2) would be premature in view of remand to superior court).

